HORATIO N. SLATER et al., Respondents, *v.* JOHN W. MERSEREAU, Appellant.

A contractor for the erection of a building who subcontracts a portion of the work and reserves no control or authority over or right to direct as to the manner of performance, save generally to insist that the work be done according to the terms of the subcontract, is not liable to a third person for an injury caused by the negligent act of the subcontractor.

Where separate and independent acts of negligence of two parties are the direct causes of a single injury to a third person and it is impossible to

determine in what proportion each contributed to the injury, either is responsible for the whole injury; and this, although his act alone might not have caused the entire injury, and although without fault on his part, the same damage would have resulted from the act of the other. Defendant contracted to erect a building on land of A. & Co., the work to be done under the direction of an architect named. Defendant subcontracted the mason work to B. & M., who contracted to cut, when directed, a recess in the wall to receive a waste pipe to convey water from the roof to a sewer. B. & M. not having received directions did not cut the recess after the roof was on, and in consequence the water from the roof, during a rain storm, ran into the cellar where it was joined by water from the street, let in through the negligence of B. & M. in constructing an area in front of the building. The water found its way through the walls into plaintiffs' building adjoining, injuring their goods. In an action to recover damages for the injury, *held,* that the power given to the architect for the protection of the owner to direct was simply as to the fitness of the materials and the manner the work was done, not as to the time; that it was defendant's duty to direct the necessary work to be done to convey off the water from the roof, and it was negligence on his part in failing to do so in proper time; that he was not liable for the negligence of B. & M. in constructing the area, but as their acts of negligence and his own united to cause the injury he was properly held liable for the whole.

(Argued January 25, 1876; decided February 8, 1876.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, affirming a judgment in favor of plaintiff entered upon the report of a referee. (Reported below, 5 Daly, 445.)

This action was brought to recover damages for injuries alleged to have resulted from defendant's negligence.

The referee found, substantially, the following facts: That the plaintiffs were lessees and occupants of the first floor and basement of certain premises in the city of New York. That the defendant, on or about the 8th day of April, 1868, entered into a contract with Daniel Appleton & Co., who were then the owners of lots next adjoining the premises occupied by the plaintiffs, by which contract the defendant agreed to erect and finish a new building on said lots agreeably to certain drawings and specifications made by B. W. Warner, architect, in a good, workmanlike and substantial

manner, to the satisfaction and under the direction of the said architect to be testified by a writing or certificate. That on or about the 8th day of April, 1868, defendant entered upon the performance of said contract, and until after the 21st day of July, 1868, continued by himself and his sub-contractors in the performance of the same. That the defendant, at or soon after he entered into said contract, made contracts with various persons for the performance of certain portions of the work. Among others he made a contract with Moore & Bryant, similar in form to that entered into between himself and Appleton & Co., whereby said Moore & Bryant agreed to furnish the materials and do the mason work in the erection of said building, and it was provided that the said Moore & Bryant should do all the cutting away for and repairing after plumbers, gas fitters, furnacemen, etc., as should be directed; and also made a contract with the firm of McKensie & Co. for furnishing the materials for and completing and finishing all the plumbers' work and gas fitting, which included the putting up of the leader from the roof to the sewer in the street. That the defendant reserved to himself and performed the carpenters' work, including the rafters and planking of the roof thereof, and that the defendant was daily at said building during its erection and knew, from day to day, the progress made in and the condition of its erection in all its departments. That the architect named was paid for his services, as architect, by said Daniel Appleton & Co. That on or about the 21st day of July, 1868, the plaintiffs had dry-goods, of which they were the owners, in the basement of the said premises, Nos. 115 and 117 Franklin street, of the value of about $100,000. At this time the defendant had completed all the carpenter work of the roof, and the same had been covered. The plumbers had constructed a pipe connected with the roof which was carried some distance below the roof down the wall of the building, and which it was intended to connect with the sewer by a continuation of the pipe. The pipe, however, could not be continued until the wall, down which it was carried, was cut to accommodate

it. This cutting, by the contract of Moore & Bryant, was to be done by them as should be directed. The defendant had failed to direct Moore & Bryant to make the necessary cuttings in the wall, and failed and omitted to provide any means for carrying off the rain water which might and did fall upon said roof; and on or about the said 21st day of July, 1868, large quantities of rain water which had fallen upon the roof ran into the cellar and soaked through into plaintiff's premises, and as matter of fact he found this to have been negligence on the part of the defendant.

That Moore & Bryant had erected the vault and sidewalks in front of said buildings in such a negligent way as to permit large quantities of rain water to flow from the surface of the street upon said lots, uniting with that from the roof, and soaked through into the plaintiff's premises, injuring their stock of goods.

As conclusion of law, the referee found defendant liable for the damage.

*Nathaniel C. Moak* for the appellant. Defendant was not liable for the consequential damage arising from the use of the land in erecting the Appleton building. (*Marvin* v. *Brewster I. M. Co.*, 55 N. Y., 556, 557; *Johnson* v. *Oppenheim*, id., 285; *Radcliff* v. *Mayor of Bklyn.*, 4 id., 203; *Rixley* v. *Clark*, 32 Barb., 274; *Rockwood* v. *Wilson*, 11 Cush., 221; *Bates* v. *Smith*, 100 Mass., 181; *Fletcher* v. *Ryland*, L. R., 3 H. L. Cas., 330; *Gannon* v. *Hagadorn*, 10 Al., 109, 110; *Flagg* v. *Worcester*, 13 Gray, 603, 604; *Goodall* v. *Tuttle*, 29 N. Y., 439, 467; 1 Den., 524; 32 Penn. St., 699; 2 Black, 418, 423, 424; 5 Scott's N. R., 79.) Defendant's omission to give directions during the construction of the building was not negligence on his part. (*Forsyth* v. *Hooper*, 11 Al., 419; *Cincinnati* v. *Stone*, 5 Ohio [N. S.], 38; *Pack* v. *Mayor, etc.*, 4 Seld., 222; *Barry* v. *City of St. Louis*, 17 Mo., 121; *Cuff* v. *N. and N. Y. R. R. Co.*, 9 L. Reg. [N. S.], 548; 3 Alb. L. J., 261.) The storm having occurred at an unusual time and being unex-

pected by defendant, he should not be held responsible for damages arising from it. (*Calkins* v. *Barger*, 44 Barb., 424; *Stuart* v. *Hawley*, 22 id., 619.) Defendant was not liable for the entire damages. (20 Barb., 479; 1 Den., 495; 17 Wend., 562.)

*F. H. Churchill* for the respondents. Defendant was liable, though not negligent, for all damages, even from those proceeding from natural causes. The proposition that the damages were providential, cannot be sustained. (*Hay* v. *Cohoes Co.*, 2 Comst., 159; *Tremain* v. *Cohoes Co.*, id., 163; *Woodward* v. *Aborn*, 35 Me., 271; *Pixley* v. *Clark*, 35 N. Y., 520; Washb. on Easements, 357, § 6; *Bentz* v. *Armstrong*, 8 W. & S., 40; *Thomas* v. *Kenyon*, 1 Daly, 141; *Nelson* v. *Godfrey*, 12 Ill., 20.) The person or persons in fault are liable for the results of the negligence. (*Bellows* v. *Sackett*, 15 Barb., 96, 102; *Thomas* v. *Kenyon*, 1 Daly, 132; *Bentz* v. *Armstrong*, 8 W. & S., 40; *Nelson* v. *Godfrey*, 12 Ill., 20; *Webb* v. *R., W. and O. Co.*, 49 N. Y., 420; *Pixley* v. *Clark*, 35 id., 520; *Woodward* v. *Aborn*, 35 Me., 271; *Sutton* v. *Clark*, 6 Taunt., 29; *Reynolds* v. *Clark*, 2 Ld. Raym., 1399; *Smith* v. *Fletcher*, 4 L. J., C. L. Exch. [N. S.], 193.) It was no defence for defendant, as regards his individual negligence, that he had contracted with McKensie & Co. to supply the means for carrying off the water. (S. & R. on Neg., §§ 15, 84; *Hole* v. *S. and S. R. W. Co.*, 3 L. J., C. L. Exch., 81; 6 H. & N., 488; *Goudier* v. *Comstock*, 2 E. D. S., 254; *City of Buffalo* v. *Holloway*, 3 Seld., 493; *Storrs* v. *City of Utica*, 17 N. Y., 104; *McCleary* v. *Kent*, 3 Duer, 27, 34, 35.) Defendant having participated in the negligence in the construction of the building is separately liable for all damages caused, whether those who participated with him were his agents or servants or acted independently of him. (*Creed* v. *Hartmann*, 29 N. Y., 591, 597; S. & R. on Neg., § 58; *Guille* v. *Swan*, 19 J. R., 381; *Low* v. *Mumford*, 14 id., 426; *Colgrove* v. *N. Y. and H. R. R. Co.*, 6 Duer, 382; 20 N. Y., 492; *Barrett* v. *Third Ave. R. R. Co.*, 45 id., 628; *Chapman* v. *N. H. R. R. Co.*, 19 id., 341; *Webster* v. *H. R. R.*

*R. Co.*, 38 id., 260.)    Defendant was not released from liability by having employed the so called subcontractors.    (*Blake* v. *Ferris*, 1 Seld., 48; *Pack* v. *Mayor, etc.*, 4 id., 222; *Kelly* v. *Mayor, etc.*, 1 Kern., 432; *McCleary* v. *Kent*, 3 Duer, 27, 34; *O'Rourke* v. *Hart*, 7 Bosw., 511; *Goudier* v. *Comarch*, 2 E. D. S., 254; *Cuff* v. *N. and N. Y. R. R. Co.*, 9 L. Reg. [N. S.], 541; *Overton* v. *Freeman*, 11 C. B., 867; *Rapson* v. *Cubitt*, 9 M. & W., 710; *Burgess* v. *Gray*, 1 C. B., 578; *Chicago City* v. *Robbins*, 2 Black [U. S.], 418.)    There was nothing in the position, duties or acts of the architect which relieved defendant from liability.    (*Pack* v. *Mayor, etc.*, 4 Seld., 222; *Kelly* v. *Mayor, etc.*, 1 Kern., 432; *Steel* v. *S. E. R. W. Co.*, 16 C. B., 550; *Barry* v. *City of St. Louis*, 17 Mo., 121; *Gardner* v. *Bennett*, 38 N. Y. S. C., 202, 203; S. & R. on Neg., § 78.)

MILLER, J.    The defendant, as a contractor being in possession and having the control of the premises of Appleton & Co., by the authority of the owners, for the purpose of erecting buildings upon and improving the same, in the performance of his contract possessed the same rights as the owner, and was chargeable for a want of due care and for negligence in the exercise of his rights, if by means thereof the property of the plaintiffs was injured.

The referee found that the water which flowed into the cellar of the building and injured the plaintiffs, came from the roof by means of the failure of the defendant to direct Moore & Bryant, who were subcontractors, to make the necessary cuttings in the wall for the waste pipe which was intended to connect with the sewer, and without which it could not be connected, so that he failed to provide means to carry off the rain water.    That this was negligence on the part of the defendant, and that the water which flowed into the building from Franklin street did so in consequence of the manner in which Moore & Bryant had carried on the erection of the vault and sidewalk in front of said building, and that this was negligence on their part.

He also decided that the defendant was not responsible for the neglect of Moore & Bryant, but as it was impossible to determine in what proportion the water which came from the waste pipe and that which came from the street contributed to cause the damage, and as all parties in fault were responsible, that the defendant was none the less responsible because Moore & Bryant shared his fault, and he reported in favor of the plaintiffs for the damages sustained.

The first question which arises upon the referee's findings is, whether the failure of the defendant to give the proper directions to Moore & Bryant was such negligence as made him answerable for the damages which ensued. The contract of Moore & Bryant, with the defendant, provided that they should do all the cutting away for repairing after plumbing, etc., as "they should be directed." It necessarily follows from the terms of the contract that the defendant was bound to give such directions as were required to prepare the same, and upon a failure to do so, that he should be held responsible for the damages which ensued by reason of his neglect in this respect. According to this condition, the defendant exercised a supervisory control over the progress of the work, and it was a part of his duty to see that it was conducted properly and with the exercise of ordinary care and skill, so as to prevent injuries to other parties. It is said that by the contract between the defendant and the owners, and between the defendant and the subcontractors, the architect had the sole power to give such directions and did so, and if any damage resulted he is chargeable with the same. It is true that the contract of the defendant with the owner provides for the performance of the work agreeably to the drawings and specifications made by the architect within the time named, in a workmanlike and substantial manner to the satisfaction and under the direction of the architect. But this provision evidently contemplated a general supervision for the purpose of determining whether the construction of the building proceeded in accordance with the contract, so as to enable the architect to give the proper certificates when satis-

fied. It was not intended to give the architect the absolute and entire control, but for the protection of the owner and as an umpire between the parties, to enable him to determine as to the fitness of the materials, the manner in which the work should be conducted, and to see that the contract was satisfactorily completed as provided.

It is said that even if the duty devolved on the defendant to give directions to cut the recess, that this obligation was substantially complied with. The referee has found otherwise, and there is no such preponderance of evidence as would justify a disregard of his finding in this respect. As the defendant knew that this recess was necessary and had not been made, and as he did not give the proper directions nor provide other temporary means as he was lawfully bound to do, by which the rain could be carried off, the conclusion is irresistible that he was negligent, and liable to answer for the damages caused by means of such negligence.

The liability of the defendant for damages caused by the failure of Moore & Bryant to protect the sidewalk, by reason of which the water flowed upon the plaintiffs' premises presents a more difficult question. I concur with the referee's finding, that the responsibility which resulted devolved upon them, and for their neglect in not taking the proper steps to prevent the water from injuring the plaintiffs, the defendant was not liable. He was under no obligation by his contract to give any directions as to this portion of the work, and he had no control or authority over the mode or manner of its performance, and only a right to insist generally that the work be done according to the terms of the contract. He stood in the same relation to Moore & Bryant, as the owner of the building occupied towards him. The work was to be performed by the subcontractor, and the defendant was not bound to give directions in regard to its details, except as specially provided for. He was not in the position of one who employs others to help him in prosecuting a piece of work and to perform the same under his control and direction, and who as the superior of the workmen

is responsible for their conduct; nor did he stand in the relation of master or principal to the subcontractor, by whose negligent act the injury was in part occasioned. In *Overton* v. *Freeman* (11 C. B. [73 Eng. C. L.], 867), it was held, that the contractor was not responsible, where he had entered into a subcontract to pave a street, for injuries caused by the negligence of the latter. It was said that the " case falls within the principle of those authorities which have decided that the subcontractor, and not the person with whom he contracts, is liable civilly as well as criminally for any wrong done by himself or his servants in the execution of the work contracted for." When the subcontractor is negligent while acting independently and the main contractor in no way sanctions the doing of the act complained of, the latter is not responsible. (See also, *Burgess* v. *Gray*, 1 C. B. [50 E. C. L. R.], 577; *Rapson* v. *Cubitt*, 9 M. & W., 710.) I have examined the cases which are cited to sustain the liability of the contractor for the acts of a subcontractor, and none of them uphold the doctrine contended for in a case which bears the essential features of the one now considered.

The defendant not being liable for the negligence of Moore & Bryant, as subcontractors, could he be liable for the damages which followed, upon the ground stated by the referee in his report? It is true the defendant and Moore & Bryant were not jointly interested in reference to the separate acts which produced the damages. Although they acted independently of each other, they did act at the same time in causing the damages, etc., each contributing towards it, and although the act of each, alone and of itself, might not have caused the entire injury, under the circumstances presented, there is no good reason why each should not be liable for the damages caused by the different acts of all. The water from both sources commingled together and became one body concentrating at the same locality, soaking through the wall into the plaintiffs' premises and injuring the plaintiffs' property; and it cannot be said that the water which the defendant's negligence caused to flow upon the plaintiffs' premises, and

which became a portion of all which came there, did not produce the damages complained of. The water with which each of the parties were instrumental in injuring the plaintiffs was one mass and inseparable, and no distinction can be made between the different sources from whence it flowed, so that it can be claimed that each caused a separate and distinct injury for which each one is separately responsible. The case presented is not like that where the animals belonging to several owners do damage together, and it is held that each owner is not separately liable for the acts of all, as there is only a separate trespass or wrong against each. (*Van Steenburgh* v. *Tobias*, 17 Wend., 562; *Auchmuty* v. *Ham*, 1 Den., 495; *Partenheimer* v. *Van Order*, 20 Barb., 479.) No such division can be made of the separate acts in the case at bar, and it bears some analogy to that of *Colgrove* v. *N. Y. and H. and N. Y. and N. H. R. R. Co.* (6 Duer, 382; 20 N. Y., 49), where the injury was caused by concurring negligence in the management of the trains of two railroad companies which came in collision, and the defendants were held jointly liable. The collision was but a single act caused by the separate negligence of different parties, which together produced the result. Here also the contractor and subcontractors were separately negligent, and although such negligence was not concurrent, yet the negligence of both these parties contributed to produce the damages caused at one and the same time. It is no defence for a person against whom negligence which caused damage is proved, to prove that without fault on his part the same damages would have resulted from the act of another (*Webster* v. *H. R. R. R. Co.*, 38 N. Y., 260); and as the case stands the referee was justified in holding that the defendant was responsible for the entire damages.

There was no error in the admission or rejection of evidence, and no ground is shown for reversing the judgment.

Judgment affirmed, with costs.

All concur.

Judgment affirmed.