GARDNER v. FRIEDERICH et al.

(Supreme Court, Appellate Division, Fourth Department.    February 6, 1898.)

1. NEGLIGENCE OF TWO PERSONS—RECOVERY AGAINST EITHER.
    If the concurrent or successive negligence of two persons, combined together, results in injury to a third person, he may recover damages of either or both, although it may be difficult to determine in what proportion each of the wrongdoers contributed to the injury.

2. SAME—QUESTION FOR THE JURY.
    Where men of ordinary discretion, in consideration of all the circumstances of the case, differ as to the character of the act claimed to be negligent, the question should be decided as one of fact.

3. SAME.
    Where the inferences to be drawn from the proof are not certain and uncontrovertible, the question must be submitted to the jury.

**4. SAME—DEFENSES.**

It is no defense for a person, against whom negligence which caused the damages is proved, to prove that another person assisted in contributing to the result.

**5. APPEAL—VERDICT—REVIEW.**

The only question to be considered by the appellate court, in reviewing the findings of the jury, is whether there was any fair, reasonable, and proper evidence to warrant the conclusion arrived at.

**6. EVIDENCE.**

It is not error, where a witness is allowed to state the facts, to refuse to allow him to state his conclusions therefrom.

**7. SAME—OBJECTIONS.**

It is not error to admit evidence, competent as to one defendant, over a joint objection.

**8. PERSONAL INJURIES—EVIDENCE—NEGLIGENCE.**

In an action for personal injuries caused by the collapse of the uncompleted floor of a building, it is not error to ask a witness what kind of material was put in a wall, where defendant built it, and might be held responsible by unduly loading the floor.

**9. SAME—EVIDENCE.**

In an action for personal injuries caused by the collapse of an uncompleted floor, it is not error to exclude an offer by defendant to show a custom in using the floor for men and material in doing their part of the work as he had done, as such evidence would not establish that it was a prudent thing to do under all the circumstances.

**10. SAME—OBJECTIONS.**

One defendant cannot object to evidence introduced by his co-defendant, and competent as between him and plaintiff, although it tends to show negligence on the part of the defendant complaining.

**11. APPEAL—REVIEW.**

The introduction of evidence by a defendant, incompetent as to a co-defendant, will not affect a verdict for plaintiff against such co-defendant, if there be other evidence sufficient upon which to base the verdict.

**12. NEGLIGENCE—INSTRUCTIONS.**

Where defendant might be held negligent in putting an undue amount of brick on the floor, it is not error to instruct the jury that a co-defendant who built the floor was not required to put in supports to sustain the floor with the brick upon it, unless he contracted to do so.

**13. SAME.**

It was not reversible error to instruct the jury that the defendant who built the floor owed no duty to support it so as to enable the co-defendant to lay a brick wall, where the court further charged that he was required to exercise reasonable prudence and care in executing the work required of him under the contract, and that the co-defendant had a right to use the floor, and was not negligent in putting brick and mortar thereon.

**14. INSTRUCTIONS.**

Defendant cannot object to remarks of the court to the jury, as prejudicial to him, relating particularly to the due care used by a co-defendant to plaintiff, where no instructions were requested in respect to the duties required to be performed between the defendants.

**15. SAME—NEGLIGENCE.**

It is not error to instruct the jury that defendant, as subcontractor, had no control over the co-defendant, the contractor, or his servants, and was not responsible for their actions.

**16. SAME.**

It is not error to instruct that it was for the jury to say whether defendant was negligent in building the walls, or in overloading the floor, where the evidence showed that there was a large quantity of brick and mortar on the floor at the time of the accident, and the walls were green, and they had not had time to cohere.

**17. INSTRUCTIONS.**
Where an instruction is requested, and the court says he declines to vary his charge on that point, the fact that the matter had not been alluded to in his charge is not reversible error, where it was not called to his attention.

Appeal from trial term.

Action by George A. Gardner against John J. L. Friederich & Sons, impleaded with Frederich C. Seitz. From a judgment against defendants Friederich, they appeal. Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Joseph W. Taylor, for appellants.
Eugene Van Voorhis, for respondent.

GREEN, J. The cause of action alleged in the complaint arose out of the same accident involved in the case of Wittenberg v. These Same Defendants, reported in 8 App. Div. 433, 439, 40 N. Y. Supp. 895, 899. In that action the plaintiff was nonsuited as to the defendants Friederich, and the jury found a verdict against Seitz for $4,000. Upon appeal by the plaintiff from the judgment entered upon the nonsuit, the same was affirmed. Upon appeal by the defendant Seitz from the judgment and the order denying a motion for a new trial, the same were affirmed. The plaintiff there was an employé of the Friederichs. The complaint was framed upon the theory that the accident was attributable solely to the defective and unsafe condition of the floor of the building, and there was no allegation charging the Friederichs with any negligence in the construction of the brick wall, nor in respect of overloading the floor with brick and mortar. It appears that the evidence was directed to showing the use of improper materials, and improper construction, in erecting the floor which fell, for which Seitz was held responsible. It was also sought to hold the Friederichs responsible for the injury occasioned to their employé, upon the principle that, although Seitz was an independent contractor, it was their duty to properly inspect the construction and condition of the floor, to ascertain its safety, before permitting their employés to be put in a position of danger. And no charge of negligence was made against them on account of any overloading of the floor, or of defective masonry. After the decision of the appeals referred to, the complaint herein was amended so as to charge all the defendants generally with negligence in constructing the building in an unsafe, improper, and unworkmanlike manner; in using improper and defective materials in its construction; in permitting, directing, and allowing their employés to deposit mortar and brick upon the top floor, which was not properly built, supported, or maintained, thereby making it dangerous and unsafe for any person to be upon; in allowing the plaintiff and others to go and be upon this floor; in not giving notice or warning of its unsafe condition; and in not having proper overseers and inspectors to examine the work of constructing the building, and seeing that it was properly done, and that proper and sufficient materials were used. The plaintiff, Gardner, was an employé of the Rochester Bridge & Iron-Works Company,

whose duty it was to furnish the iron materials required in the construction of the building, and was injured while engaged in the performance of his duties on the top floor at the time of the accident.    In the former action of Wittenberg, the court remarked:

"The difficulty in this case, which has provoked much discussion and contention, arises from the fact that it is claimed that after the accident it was impossible to obtain any adequate and satisfactory explanation of its proximate cause. * * * It may be assumed that the precise cause of the accident has not been made to clearly appear." 8 App. Div. 441, 442, 40 N. Y. Supp. 900, 901.

All the facts and circumstances alleged and proven in that case were given in evidence upon the trial of this action, and much more in addition.    In the present case, the defendants, Seitz and the Friederichs, assumed a position of direct antagonism, and each endeavored to throw the responsibility of the accident upon the other.    As a result of the contest between them, the particular acts or omissions attributable to each in the performance of their respective duties in and about the construction of the building were pretty fully disclosed by the evidence presented, and the causes or combination of causes that contributed to produce the accident were revealed, in so far as it was possible, under the circumstances, to discover and make them known to the jury.    That the evidence adduced was sufficient in law for the consideration of a jury, and to warrant a finding in favor of the plaintiff for the damages sustained by reason of an accident of the character disclosed, we have no doubt.    But the particular point in controversy is, against whom, justly, should the verdict have been rendered? Who was responsible for the accident,—Seitz, or the Friederichs, or both?    Were the acts of commission or omission attributable to Seitz done or omitted in violation of any duty he owed either to the plaintiff or to the Friederichs?    Did the latter do or neglect to do any act that it was their duty to do or omit, in view of the situation, condition, and the state of affairs then existing?    Were they of a negligent character, and did they contribute to the catastrophe?    The jury was empowered to determine the responsibility from all the circumstances of the case, and it came to the conclusion that negligence was imputable to the Friederichs, and accordingly fixed the liability upon them, and acquitted the defendant Seitz.    The Friederichs contend upon this appeal, as they did upon the trial, that the negligent acts or omissions of Seitz were the proximate cause of the accident, and that he alone, if any one, was responsible for the consequences.    It is true that, assuming the floor fell first, the evidence would warrant the inference that the cutting of the mortise into the beam, and the boring of the hole through it, were contributing causes, and the accident would not or might not have happened if that had not been done, notwithstanding that a large quantity of brick and mortar had been placed upon the floor by the Friederichs' employés.    But the question would still remain, whether negligence was imputable to Seitz in not foreseeing that the floor would be used in the manner and under the circumstances it was used by the Friederichs, the contractors, and in failing to render it more secure for the purpose of holding a considerable quantity of brick and mortar.    And, assuming that the jury would have been warranted in finding that Seitz was chargeable with.

negligence, a question would remain for consideration,—whether the act of the Friederichs in imposing the additional weight upon the floor, in the condition it then was (incomplete and temporarily supported) contributed to produce the casualty, and was a negligent act, in view of all the circumstances of the case.   If the concurrent or successive negligence of two persons, combined together, results in an injury to a third person, he may recover damages of either or both; and this rule obtains, although it may be difficult to determine in what proportion each of the wrongdoers contributed to the injury.    2 Thomp. Neg. 1088.    The fact that another person contributed, either before the defendant's interposition, or concurrently with such interposition, in producing the damage, is no defense.    Whart. Neg. § 144. In Slater v. Mersereau, 64 N. Y. 138, the court remarked:

"It is true, the defendant and Moore and Bryant were not jointly interested in reference to the separate acts which produced the damages.   Although they acted independently of each other, they did act at the same time in causing the damages, etc., each contributing towards it; and although the act of each, alone and of itself, might not have caused the entire injury, under the circumstances presented, there is no good reason why each should not be liable for the damages caused by the different acts of all.  *  *  *  Here, also, the contractor and subcontractor were separately negligent; and, although such negligence was not concurrent, yet the negligence of both these parties contributed to produce the damages caused at one and the same time."

See, also, Chipman v. Palmer, 77 N. Y. 54; Durkin v. Sharp, 88 N. Y. 225.

This case would appear to come within the general rule that where men of ordinary prudence and discretion, in consideration of all the circumstances of the case, the positions of the parties, the situation and condition of things existing, may differ as to the character of the act claimed to be negligent, the question should be decided as one of fact.    And, where the inferences to be drawn from the proof are not certain and incontrovertible, the question must be submitted to the jury, and cannot properly be decided as a matter of law, by directing a verdict or nonsuit.    The counsel for the respective parties have carefully reviewed and commented upon the evidence, called attention to the salient points, and drawn the deductions and inferences most favorable to their respective views of the controversy.    We deem it unnecessary to enter into a full discussion of the evidence, or to present the arguments and contentions suggested thereby, as we are satisfied that the court below would not have been justified in nonsuiting the plaintiff, or in directing a verdict for the defendants Friederich. Whenever there is any doubt as to the facts, it is the province of the jury to determine, not only what they are, but what are the proper inferences to be drawn from them.    Whether the facts be disputed or undisputed, if different minds may honestly draw different conclusions from them, the case should properly be left to the jury.    But, of course, there must be evidence upon which they might reasonably and properly conclude that there was negligence.    The cases arising often present such a variety of circumstances that it is eminently proper that the degree of care and circumspection demanded of persons in various situations should be determined by the triors of fact. "It is this class of cases, and those akin to it, that the law commits to

the decision of a jury.    Twelve men, of the average of the community, comprising men of education and men of little education, men of learning and men whose learning consists only in what they have themselves seen and heard,—the merchant, the mechanic, the farmer, the laborer,—these sit together, consult, apply their separate experience of the affairs of life to the facts proven, and draw a unanimous conclusion.    This average judgment, thus given, it is the great effort of the law to obtain."    Railroad Co. v. Stout, 17 Wall. 664.    It would be a rather difficult undertaking for this court to assume and determine that, as a matter of law, and in opposition to the finding of the jury, the defendant Seitz and not the Friederichs, is the person who should have been held solely responsible for the consequences of the casualty.    And it is no defense for a person, against whom negligence which caused damage is proved, to prove that another person assisted in contributing to the result.    The appellate court is limited, in its power to review the findings of fact by a jury, to the inquiry whether there was any fair, reasonable, and proper evidence to warrant the conclusion arrived at, even though the court, if it were in the position of the jury, would probably have decided the matter the other way. The court was justified in submitting the questions which it did submit to the jury, and the verdict rendered should be sustained, unless there were errors committed by the court in its rulings upon the trial.    It is claimed in behalf of the appellants, the Friederichs, that the learned judge at the trial committed various errors in his rulings upon questions of the admission and rejection of evidence, and his refusals to charge as requested, and we will now proceed to an examination of such alleged errors.

The plaintiff's witness Howard, who had described in detail the situation as it existed immediately after the accident, was asked, on cross-examination by the counsel for the defendants Friederich, this: "Q. The appearance then indicated, did it not, that the floor, in falling, had pushed the wall outward?"    Mr. Harris objected in behalf of the defendant Seitz, as calling for a conclusion.    The objection was sustained, and the defendants Friederich excepted.    The Court: "He may state what the facts were."    The witness then proceeded to make the statement in detail as indicated by the court.    The plaintiff did not make the objection, but it was made by the defendant Seitz; and the court ruled that the witness might state what the facts were, instead of stating a mere opinion.    The appellants had the benefit of all the facts pertaining to the appearance and condition of the building as it existed after the accident; so they were not in any manner prejudiced by the refusal of the court to allow the witness to state the conclusion at which he had arrived, and its exclusion does not present error calling for a reversal of the judgment.

There was no prejudicial error committed by the judge, at the trial, in receiving evidence respecting the post under the beam, and the adequacy of the support of the beam.    The evidence was clearly competent as against Seitz, and the exception was joint, when there should have been a separate objection by the Friederichs.    The court should have been requested to limit its effect to Seitz by appropriate instructions.

One of the plaintiff's witnesses was asked what kind of material was put into the south wall. This was objected to. The objection was overruled, and an exception taken by appellants, who claimed that this was prejudicial. As the charge of negligence is not predicated upon the construction of the east wall alone, it would seem that this exception might be disregarded. If the floor was unduly loaded, the Friederichs might be held responsible therefor.

The plaintiff was asked if there was any reason why the truss could not have been completed the day of the accident. This was objected to by the Friederichs, and an exception taken to the overruling of such objection. The answer was, not that he could see. Apparently, this answer is of no particular consequence. The appellants argue that they had nothing to do with the construction of the truss. There is evidence tending to show that the truss could have been completed before the walls were finished; that it was the appellants' duty to furnish iron beams, etc., for the tie beams, without which the latter could not have been completed; that they were responsible for the condition of the floor, in so far as they made it dangerous by over-loading it with brick and mortar. The answer of the witness did not throw the responsibility upon the appellants for failure to complete the truss, without the other evidence.

The court did not err in excluding appellants' offer to show a custom to use the floor as standing room for men and materials. The appellants claimed that they had a right to show that they were using the floor in the usual and ordinary way in doing their part of the work, and thus to establish ordinary care. But this offer did not go to prove that other contractors would, "under the same circumstances, do the same thing in the same way." Such evidence would not establish that, under all the circumstances existing in the case, it was a prudent thing to do. It also appears that one of the appellants testified that Seitz knew he would use the floor to put men and material on. "That is the custom. I have built a good many buildings with Seitz, and that is the way we always do." So the appellants had the benefit of the evidence showing what the custom was between the Friederichs and Seitz. Of course, it was clearly evident to the jury that the floor would necessarily be more or less used by the workmen, and that that was to be expected, but the question was whether Seitz expected it would be loaded with a large quantity of brick and material; and in view of the fact that the Friederichs knew that Seitz had not and could not then complete his work, in respect to making the floor perfectly safe, custom cannot relieve appellants from having loaded the floor as though it had been entirely completed. And it should be further observed that, as to the appellants' right to use this floor, the court charged, at their request, as favorably to them as they were entitled to, and no exception was taken to such charge. The appellants therefore were not prejudiced by the ruling of the court excluding their offer to show custom, and we are of the opinion there was no error presented by such ruling.

One Madden, the architect's assistant, was called as a witness by defendant Seitz, and asked this:

"Q. What took place between you and Seitz on the subject of making the alteration in regard to that plate? The defendants Friederich objected. The objection was overruled, and exception taken. A. I cannot recall the circumstances, but I know why it was done; that is, that it would mar the ceiling. I agreed to have it cut in."

A similar question was also put to the defendant Seitz, and he was allowed to answer the same, over objection and exception by the defendants Friederich.

Since these questions were not asked by the plaintiff, how can they affect the verdict? The purpose of the questions put by Seitz was to relieve himself from responsibility; and it would seem to be proper, as between him and the Friederichs, to show how the mortise came to be cut. Seitz had a right to this evidence in support of his defense against the plaintiff's claim, notwithstanding the Friederichs' objection. So far as this exception is concerned, it is a matter between the co-defendants alone. The circumstances under which the defendant Seitz cut this mortise would appear to be material and proper evidence. It was proper for him to give such evidence as tended to relieve him from the charge of negligence. The Friederichs contend that they were not responsible for cutting the mortise; that, if it was improper to cut it, the assent of an architectural draftsman was no justification, but that it made Seitz's duty of adequately supporting the beam more obvious and imperative. It is contended that it was the Friederichs' duty to examine the strength of it, and ascertain whether it would hold, before placing the large quantity of brick and mortar upon the floor; that, if they had made any attempt at inspection, they would have discovered the holes in the mortise; that Adam Friederich saw this tie beam; that he saw the post, and the carpenter at work upon the tie beam and the post. Under the issues raised upon the trial, we are of the opinion that this evidence was competent.

Upon the trial, the counsel for defendant Seitz framed a hypothetical question upon the evidence, showing a state of facts as claimed by Seitz to have existed; and his expert witness, Kuichling, was asked to say, under such a state of facts, which broke and fell first,—the beam or the wall. This was objected to by the defendants Friederich, and the objection was overruled, and an exception taken by them. Previous to the asking of this hypothetical question, the appellants' own witness, Architect Warner, introduced the subject by giving his opinion "from the appearance of things" as he observed them, and testifying, from that, that in his opinion the tie beam broke first. And afterwards the appellants put the identical hypothetical question, to which they make objection, to their witness Brown, and Brown answered the same contrary to the answer of the witness Kuichling. I cannot perceive that there is any sound reason why the exception, assuming it to be technically correct, should warrant a reversal. The object of the hypothetical question was to relieve Seitz from liability, and throw the responsibility upon the appellants. The tendency of it was to relieve Seitz from liability to the plaintiff, and the plaintiff made no objection to it, and does not complain of it. This, again, raises the interesting question, how far will the admis-

sion of incompetent evidence, as between co-defendants jointly and severally liable in tort, justify a reversal of a verdict rendered in favor of the plaintiff, who did not put the question, or make any objection to it? If co-defendants so situated as these should agree together to inject into a case incompetent evidence, and should succeed in having the same admitted over objection and exception taken by one of the defendants, a plaintiff who had obtained a righteous verdict would be precluded from enjoying the fruits of the same if the court should decree to sustain exceptions thus taken, in which the plaintiff had no part, and over which he had no control. This would be unjust to the plaintiff, and I do not believe he should be affected by such exceptions. Certainly the plaintiff in this case should not be affected by the exception now under review, if there be sufficient evidence for the jury that the Friederichs were chargeable with negligence. The negligence of Seitz is no defense to them.

In response to a request made by the plaintiff, the court charged that it was Seitz's duty to put up an adequate support for the purpose of holding the beam, to enable him to construct the framework according to the conditions of the contract, but he was not required to put up any supports, unless he made the contract with Friederich & Sons that he would do so, for the purpose of holding whatever brick might be put on the floor. Under the evidence in the case, it is so clearly apparent that this charge was not erroneous in that particular that it needs no discussion.

Plaintiff requested the court to charge that Seitz, knowing that the floor was to be used by the Friederichs as a place for their men and materials, was negligent, unless he used reasonable care and properly supported it for that use. In response, the court said:

"No, gentlemen, under the contract he did not owe any duty to prop up this floor so as to enable them to lay the brick wall. He was bound to exercise reasonable prudence and care in executing the work that he was required to do under the contract, and, if the accident occurred by his failure to exercise reasonable care and prudence, then he might be liable."

This was excepted to by the appellants. The plaintiff asked this instruction for himself, and not in behalf of the Friederichs. It is evident that the court had reference to the placing of an unreasonable quantity of brick and mortar upon the floor. It was properly left to the jury to determine whether, under all the circumstances, Seitz used due care. The request made just preceding the one under consideration related to supports, and not to the tie beam. The court had also charged that the Friederichs had a right to use the floor, and were not negligent in putting brick and mortar there. Taken in connection with the balance of the charge, I believe there was no error committed by the court in the portion of the charge thus made.

Defendant Seitz requested an instruction that he was not required by the terms of the contract to support the beam which broke by means of the post,—as to the plaintiff. In response the court said:

"I am inclined to think that was so. He was required to use all ordinary care and prudence, including skill in the erection of the timbers, and in carrying out his part of the contract according to the plans and specifications, and nothing more."

To this the defendants Friederich excepted. The refusal to charge as requested was prejudicial to the plaintiff, but he does not complain. The remarks of the court related particularly to the duty of Seitz towards the plaintiff; and, if the Friederichs desired to protect themselves against any prejudicial remarks of the court, they should have requested proper instructions in respect to the duties required by the contract, under the circumstances of the case, to be performed by Seitz, as regarded themselves. The attention of the court should have been specifically called to this matter. Besides, the remarks of the court should be taken in connection with the whole charge, and other requests made or refused, and not as entirely disconnected from that which preceded or followed. The exception does not present error calling for a reversal of this judgment, as to the defendants Friederich.

The plaintiff asked the court to instruct the jury that Seitz did not perform his full duty by merely properly supporting the floor and joists, but if he knew that the Friederichs were to use the floor for their men and materials, and allowed them to use it, he was bound to properly support it for the men and materials. In response, the court, after alluding to the duty of Seitz towards his own servants, said:

"But, so far as the Friederichs were concerned, and their servants, Seitz had no control over them. He could not dictate to the Friederichs that they could not take any brick up on the attic floor."

The Friederichs excepted to the charge so made, but took no exception to the omission or refusal to charge the proposition requested. The plaintiff was asking instructions in respect of Seitz's duty towards himself, and not in behalf of the Friederichs, nor in regard to Seitz's obligations towards them. The remarks of the court excepted to were proper. The court did not expressly refuse the request, and no exception was taken to that.

The defendants Friederich excepted "to that portion of the charge wherein the court charged, in substance, that Seitz was not required to prop up this floor for the purpose of enabling the Friederichs to put brick upon it, and for his men to work upon it." It is perfectly apparent from other portions of the charge or instructions given by the court that the court had reference to the placing of a large or unusual quantity of brick upon the floor while it was left in its then incomplete condition; and, taken in connection with the entire charge, the portion of the charge above excepted to presents no error.

The defendants Friederich excepted to the charge, in substance, that the jury was to say whether the Friederichs were negligent in building the walls; also, whether the floor was overloaded. There was evidence that there was a large quantity of brick and mortar upon the floor when the accident occurred; and whether that was a negligent act, and a contributing cause of the accident, was for the jury. The construction of the wall might have been proper and safe, and no accident happened, had it not been for the brick placed upon the incompleted floor, and if there had been no rain, and the walls had not been "green," and the mortar had had time to cohere. All of the evidence of this character was proper upon the subject of the negligence of these defendants, and was for the jury.

The court was asked to charge that, if the jury was unable to determine whether the accident was caused by the breaking of the beam or falling of the wall, then there could be no recovery against the Friederichs. The court, in response, said, "I decline to vary my charge upon that point." The appellants contend that this matter was not even alluded to in the charge. If that be true, then it was the duty of the counsel to call the court's attention to the omission. The appellants were charged with negligence in respect to placing too heavy a weight upon the floor in the condition in which it was left, and there was some evidence in respect to the wall.

The court was requested to charge that if the jury concluded that there was no overloading of the floor, in case it was properly constructed, "then there can be no recovery against the Friederichs, if they were not negligent in constructing the wall. The Court: I decline to vary my charge on that point." The appellants' counsel asserts that this was error, as the subject had not been mentioned in the charge. If the court had failed to charge specifically as to the proposition requested, counsel should have pointed out the omission, and corrected the court. The court had charged repeatedly, and in general terms, in respect to the relative duties of the co-defendants towards each other in respect to the matter of the tie beams and their supports, and as to the placing of materials thereon, and the ruling of the court presents no error.

In response to a request to charge that the Friederichs were warranted in assuming that Seitz would support the tie beams so as to make them safe for the usual work upon the floor above, the court said:

"I so charge as to the usual work, but it is for the jury to determine whether this work was the usual work, or whether the floor was overloaded." And again: "There is no question but what they had a right to use the floor, but you must determine whether they used it as a prudent, discreet man would have used it, or ought to have used it, under the circumstances; and you may take into consideration the condition the floor was in at the time."

The court refused to charge that there was no evidence that the wall was overloaded at the moment when the accident happened. The charge as made, and the refusal to charge as requested, present no error. The court was justified, under the evidence given upon this trial, to submit the question of the negligence of the defendants to the jury. Such question was fully and fairly submitted by the court to the jury, and that body has passed upon the question, and found that, under the evidence in this case, these appellants were guilty of the negligence which caused the injury to the plaintiff. The evidence is sufficient to justify and uphold such a verdict.

The order should be affirmed, with costs. All concur.