Argued before ANDREWS, P. J., and O'GORMAN and BLANCH-ARD, JJ.

C. L. Schurz, for appellant.
J. Friedman, for respondent.

ANDREWS, P. J.   The plaintiff sued to recover for work done as an operator on cloaks and garments made for the defendant, who was a manufacturer of such articles.   The defendant admitted that, except for work alleged to have been spoiled by the plaintiff, the amount due him was $86.20.   The defendant claimed that the plaintiff had spoiled eight garments, causing a loss to the defendant of five dollars each, and the trial justice, upon conflicting evidence, decided that the claim of the defendant was well founded, and rendered judgment in favor of the plaintiff for the sum of $46.20, without costs.   That decision is not against the weight of evidence, and the judgment should be affirmed, with costs of the appeal to the respondent.   All concur.

---

MAHON v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term.   February 25, 1901.)

1. INSTRUCTIONS—SPECIAL REQUESTS—REFUSAL.
    Special requests for instructions covered by the charge given, which correctly stated the law of the case, were properly refused.
2. SAME—EXCEPTIONS—AVAILABILITY.
    Where special requests for instructions are refused on the mistaken supposition of the court that they were included in the charge given, and one of them, which should have been given, appears not to have been included, an exception therefor is unavailing; the counsel having failed to point out the particular omission to the court.
3. SAME—REVIEW.
    Where the charge as a whole gave the true rule by which the jury were to be governed, the judgment should be affirmed, notwithstanding the court's failure to charge a correct proposition requested.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by Mary A. Mahon, an infant, by guardian, against the Metropolitan Street-Railway Company.   From a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before ANDREWS, P. J., and O'GORMAN and BLANCH-ARD, JJ.

Henry A. Robinson, for appellant.
Charles Caldwell, for respondent.

O'GORMAN, J.   The only errors assigned grow out of the refusal of the trial justice to charge certain requests made by the defendant. The court correctly instructed the jury in the colloquial charge on the law of the case.   Three additional requests, touching the burden of proof and the absence of contributory negligence, were charged at defendant's request.   Five other requests were thereupon submitted to the court, and, in refusing to charge them as requested, the justice

observed, "I think my charge covers what you ask me to charge."
Four of these five requests were properly refused. One, being the
familiar rule that the jury may disregard the testimony of an inter-
ested witness, should have been charged, as that proposition had not
been alluded to; but, as said in Gardner v. Friederich, 25 App. Div.
533, 49 N. Y. Supp. 1087:

"If the court had failed to charge specifically as to the proposition re-
quested, counsel should have pointed out the omission and corrected the court.
The appellants contend that this matter was not even alluded to in the charge.
If that be true, then it was the counsel's duty to call the court's attention to
the omission."

The exception is therefore unavailing. The charge as a whole gave
the true rule by which the jury were to be governed, and the judg-
ment should be affirmed.

Judgment affirmed, with costs. All concur.