GOLDSTEIN v. TUNICK et al.

(Supreme Court, Appellate Term. June 5, 1908.)

**1. TORTS—PERSONS LIABLE—JOINT OR SEVERAL LIABILITY.**

Each, any, and all tort-feasors are responsible for joint wrongs, without regard to the degree of culpability or extent of wrong; and the sufferer may proceed against each separately, or all jointly, at his election.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Torts, § 29.]

**2. SAME.**

Where separate acts of negligence of two parties are the direct cause of a single injury, and it is impossible to determine in what proportion each contributed to the injury, either is responsible for the whole injury; and this, although without fault on his part the damages may have resulted from the act of the other.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Torts, § 29.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Morris Goldstein against Samuel Tunick and Isidore S. Tunick. From a judgment for defendants, plaintiff appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

Samuel W. Phillips, for appellant.

Israel Levine, for respondents

PER CURIAM. The action is for damages to personal property. Plaintiff had a baker shop in the basement at No. 139 Norfolk street. Defendants were the owners of No. 141 Norfolk street, the house adjoining that in which plaintiff had his baker shop. Between these houses was an alleyway about 12 feet wide. On defendants' side of the alleyway there was a drainage pipe, called a "leader," and also a similar pipe on the side of the alleyway belonging to plaintiff's landlord. These "leaders" ran down the side of the houses, respectively, and carried the water from the respective roofs, and the two "leaders" met in a "strainer" in the center of the alleyway, and thence continued to the sewer. Plaintiff claims that defendants' "leader" was in a defective condition for some time previous to September 12, 1907, and that defendants had been requested several times to remedy the defect, which they promised to do, but did not properly keep said promise. On September 12, 1907, there was a heavy rainstorm, and the rain, according to plaintiff's claim, came through a leak in defendants' "leader," flooded the alleyway, flowed into plaintiff's basement, and greatly damaged a large quantity of flour belonging to plaintiff. A few days before this flood defendants sent a tinsmith to repair their said "leader," and plaintiff claims that the tinsmith merely placed a temporary tin covering, with some cement, over the leak, which was entirely insufficient to guard against the quantity of water that would naturally flow through the "leader" during a storm. The defendants admit that their "leader" leaked on September 12th, and that they had it repaired the next day, and had a new "leader" put in a few days thereafter; but they claim that

the "leader" on the other side of the alleyway—i. e., on the house of plaintiff's landlord—also leaked on said day, and caused, or at least contributed to, the accident. The court gave judgment for defendants. Plaintiff appeals.

Whether or not plaintiff's landlord also contributed to the injury, by negligence in not keeping his "leader" in proper condition, such negligence of plaintiff's landlord does not relieve defendants from liability for their own negligence. The rule is well settled that each, any, or all tort-feasors are responsible in compensatory damages for joint wrongs, without regard to the degree of culpability or extent of wrong, as they are all alike guilty and alike responsible, and the sufferer may proceed against each separately, or all jointly, at his election. Any of them may be singled out by the sufferer and compelled to pay the loss. Slater v. Mersereau, 64 N. Y. 138; Galvin v. Mayor, etc., of New York, 112 N. Y. 223, 19 N. E. 675; Benzing v. Steinway, 101 N. Y. 547, 5 N. E. 449; Post v. Stockwell, 34 Hun, 373. As we have seen, defendants admit that their pipe leaked, and they also admit that they do not know from which "leader" the water which did the damage came, as they were not there on the day in question. As was stated in Slater v. Mersereau, 64 N. Y. 138:

"Where separate acts of negligence of two parties are the direct cause of a single injury to a third person, and it is impossible to determine in what proportion each contributed to the injury either is responsible for the whole injury; and this, although without fault on his part the damages would have resulted from the act of the other."

The defendants' own admissions corroborate plaintiff's claim that defendants' pipe was defective and that such defect was at least one of the direct causes of plaintiff's damage. Any claim of concurring negligence on the part of plaintiff's landlord presents no question for our determination here.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

