CLARENCE W. BURD, as Administrator, etc., of ELIZABETH BURD, Deceased, Appellant, *v.* ALOIS BLEISCHER, Respondent.

Fourth Department, March 26, 1924.

Motor vehicles — action for death of plaintiff's intestate who died as result of collision between automobile driven by her husband and one driven by defendant — accident occurred at street intersection — instructions — error to charge in effect that jury must accept either theory of plaintiff or that of defendant — court should have instructed jury that plaintiff could recover if defendant's negligence contributed to and was proximate cause of accident.

In an action to recover damages for the death of plaintiff's intestate, who died as the result of a collision at a street intersection between the automobile driven by her husband and one driven by the defendant, in which there was a sharp

conflict in the evidence as to whether the defendant or the husband of the decedent was negligent in the operation of the automobiles, it was error for the court to charge the jury, in effect, that they must accept either the theory that the decedent's husband was free from negligence and the defendant was guilty of negligence and find for the plaintiff, or that the decedent's husband was guilty of negligence and the defendant was free from negligence, and find for the defendant, since recovery might have been had against the defendant although decedent's husband was guilty of negligence concurrently with that of the defendant.

The court should have instructed the jury that the plaintiff could recover if defendant's negligence contributed to the injury and was a direct and proximate cause thereof, even though decedent's husband was guilty of negligence which contributed to the injury.

Appeal by the plaintiff, Clarence W. Burd, as administrator, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Erie on the 7th day of April, 1923, upon the verdict of a jury.

*Hamilton Ward* [*William J. Flynn* of counsel], for the appellant.

*Fred D. Russell,* for the respondent.

Davis, J.:

Elizabeth Burd on October 16, 1922, sustained injuries as a result of a collision between an automobile driven by her husband and one driven by defendant, occurring at the intersection of Jefferson and Sycamore streets in the city of Buffalo. She died one week later. Plaintiff claims her death was due to the injury and that the accident was caused by the negligence of defendant. Defendant denies both of these claims.

There was a sharp conflict in the evidence as to whether the defendant or the husband of the decedent was negligent in the operation of the cars that came into collision. The verdict in favor of the defendant would be conclusive on the question if we were certain that the jurors had made their decision after proper instruction on the rules of law to be applied by them.

The trial justice in his charge stated, in substance, the theories of the plaintiff and defendant, respectively, concerning the cause of the accident. He then charged that if the defendant had satisfied them that he had given the correct history of the transactions and acted within his rights as a reasonably prudent person, the verdict should be no cause of action; but if, on the other hand, they should find that the plaintiff by his witnesses and exhibits had described the true situation, and he was at the corner before defendant reached it and the latter did not have his car under control and did not recognize the plaintiff's superior right and was guilty of negligence which caused or contributed to the injuries

which the plaintiff's intestate received, then the plaintiff was entitled to recover. This was a fair and correct statement of the general rules to be applied by the jury in deciding the question of negligence.

At the close of the charge plaintiff's counsel made the following request: " I ask your honor to charge the jury slightly on the subject of imputed negligence as to whether both of them might be to blame." To this the court responded: " Of course, the negligence of the driver in this case would not be imputed to a passenger or to his wife. I do not see how that can be of any material benefit to the jury in this case, because of the fact that they must accept one of two theories, either the plaintiff's or the defendant's, and both under the evidence could not prevail. I do not see any evidence that could permit or would permit the finding that both were negligent." To this plaintiff's counsel took an exception.

This charge in effect was an instruction to the jury that they must accept in practical entirety the story of one or the other of the sets of witnesses in conflict. We think this was error. (*Rommeney* v. *City of New York*, 49 App. Div. 64, 67.) The jury is not required to adopt the entire testimony or theory on one side or the other. Here the jury might have found from the evidence that both drivers were negligent.

Where witnesses for the contending parties describe static conditions and two entirely contradictory versions are presented, only one of which can possibly be true, then the jury must select the one they deem most probable or established by the most credible testimony. But if witnesses who may be interested in the result describe a condition involving rapid motion, the estimate of the speed of moving objects and of the distances between them, and the violence of collision; and where, also, photographs have been submitted showing the effects of the collision on the automobiles, then a decision by the jury does not necessarily rest on an absolute choice between two conflicting theories. Jurors then have latitude to analyze the evidence, to accept part and reject part, and to draw the inferences from the testimony, exhibits and circumstances they deem reasonable. (*Gardner* v. *Friederich*, 25 App. Div. 521, 526; affd., 163 N. Y. 568; *Schoonmaker* v. *Pittsburgh Contracting Co.*, 176 App. Div. 48; *Swift* v. *Staten Island R. T. R. R. Co.*, 123 N. Y. 645, 650.)

In the case under consideration the fact that another person contributed either before the defendant's interposition or concurrently with such interposition in producing the injury to plaintiff's intestate, is no defense. (*Gardner* v. *Friederich, supra*, 525;

*Phillips* v. *N. Y. C. & H. R. R. R. Co.*, 127 N. Y. 657.) Where two parties by their separate and independent acts of negligence furnish direct causes of a single injury to another person, and it is not possible to determine in what proportion each contributed to the injury, either is responsible for the whole injury, even though his act alone might not have caused the entire injury. (*Slater* v. *Mersereau*, 64 N. Y. 138.)

The plaintiff was entitled to have the jury instructed that even though the negligence of the driver of the automobile in which decedent was riding contributed to the injury, the plaintiff might still recover if the jury should find that the negligence of the defendant was also a direct and proximate cause of the injury sustained by decedent.

The learned trial court had not in the main charge instructed the jury that the negligence of her husband would not be imputed to Mrs. Burd, or that the defendant might be liable for his own negligence, even though that of the other driver was a concurring proximate cause. The request was somewhat vague and indefinite in its terms, and the court might properly have declined to charge on the subject until counsel made his request clear and specific. But having undertaken to give the jury instruction, the court was bound to state the correct rule. The language of the court in giving this instruction may well have led the jury to believe that they were to decide only which of the two drivers was the more negligent. (*Coon* v. *Miller*, 151 App. Div. 631, 635.) This was not the issue they were called upon to determine.

The instruction given constituted the last words to the jury before they began their deliberations. They must have been impressed with its importance and from it may have gained an erroneous notion of the issue left to them for decision. In a case where there was such sharp conflict in the evidence, we cannot say that the error was harmless. (*Hartford Accident & Indemnity Co.* v. *Buchanan*, 200 App. Div. 235, 239.)

The judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

All concur.

Judgment reversed on the law and new trial granted, with costs to appellant to abide event.