ALEXANDER TYKWINSKI, Plaintiff, *v.* BUFF & BUFF, INC., and Others, Defendants.

Supreme Court, Schenectady County, June 25, 1932.

*Leary & Fullerton,* for the plaintiff.

*Blodgett & Smith,* for the defendants Buff & Buff, Inc., and Willard Wright.

*Fryer & Lewis,* for the defendant John Dziuba.

ROGERS, J.    The plaintiff, a passenger in the defendant Dziuba's automobile, was injured in a collision between Dziuba's Ford car and the truck owned by the defendant Buff & Buff, Inc., and driven by the defendant Wright.   The jury rendered a verdict against all three defendants.   On Dziuba's motion to set aside the verdict it is claimed that inasmuch as the testimony of the plaintiff and Dziuba as to how the collision occurred, on the one hand, is so diametrically opposed to the testimony of Wright as to the manner in which the accident occurred, on the other hand, that the jury was bound to adopt one theory or the other, and that, therefore, a verdict could not properly be found against all defendants. Dziuba cites as applicable here the rule enunciated in the cases of *Tryon* v. *Willbank* (234 App. Div. 335) and *Dorochuk* v. *Skrobot* (231 id. 660).   I think, however, that the instant case comes rather within the rule of *Burd* v. *Bleischer* (208 App. Div. 499).   It is said in the *Burd* case (at p. 501): " Where witnesses for the contending parties describe static conditions and two entirely contradictory versions are presented, only one of which can possibly be true, then the jury must select the one they deem most probable or established by the most credible testimony.   But if witnesses who may be interested in the result describe a condition involving rapid motion, the estimate of the speed of moving objects and of the distances between them, and the violence of collision; and where, also, photographs have been submitted showing the effects of the collision on the automobiles, then a decision by the jury does not necessarily rest on an absolute choice between two conflicting theories.   Jurors then have latitude to analyze the evidence, to accept part and reject part, and to draw the inferences from the testimony, exhibits and circumstances they deem reasonable."

The accident happened near a dangerous curve where it behooved each driver to proceed with caution.   The jury evidently thought that both drivers carelessly helped to bring about the accident. Wright testified that Dziuba was traveling faster than Dziuba admits he was going.   The force of the impact was not great, indicating that a little less speed would have averted the seriousness of plaintiff's injuries.   The most reasonable explanation of the accident is that Wright rounded the left-hand curve too rapidly and that his truck swung over on to Dziuba's side of the road. Even so, the jury may have decided, from the evidence, that the

accident would have been avoided if Dziuba had been exercising reasonable care. Dziuba testified that he saw the truck coming across the bridge about to make the turn at a rapid rate of speed. Seeing such a situation, it was his duty to act with care to avoid a collision. He claims that he did so act, but Wright claims the contrary. It was for the jury to resolve these conflicting claims. The matter was squarely put up to the jury by the defendant's request to charge: " Mr. Fryer: If they believe the testimony * * * if the jury believes the testimony of the plaintiff Tykwinski and John Dziuba there can be no recovery against John Dziuba, as to how the accident occurred. The Court: Yes. Mr. Blodgett: May I have an exception to that? The Court: That is to say, if his version of how the accident happened, as contained in his testimony, is the correct version of how it occurred, then there should be no verdict against John Dziuba."

Motions to set aside the verdict are denied. A stay of execution of thirty days is granted, and if any party desires to appeal he may have sixty days in which to make and serve his case.