BENJAMIN KOSSEFF, Respondent, v. JOSEPH SIMONS, as President of NEWSPAPER AND MAIL DELIVERERS' UNION OF NEW YORK AND VICINITY, an Unincorporated, Voluntary Association, Consisting of Seven or More Members, Appellant.— Plaintiff, a member of defendant union, was permitted under the constitution and by-laws to retire from active membership in 1912 with the right to return to full privileges of membership " at any time." In 1936 plaintiff sought but was denied reinstatement. The Special Term has directed that he be reinstated. Judgment reversed on the law and the facts, with costs, and complaint dismissed, with costs, upon the grounds (1) that plaintiff's application was not made in good faith; and (2) that subsequent to plaintiff's withdrawal and prior to his application for reinstatement the union validly amended its by-laws and constitution to provide that the books might be closed by the body of membership, which meant that further applications for membership and reinstatement should not be received until otherwise determined. The body accordingly took such action and closed the books. Findings of fact and conclusions of law to the contrary are reversed and new findings of fact and conclusions will be made. Hagarty, Carswell, Johnston and Taylor, JJ., concur; Lazansky, P. J., concurs on first ground stated. Settle order on notice.

JAMES McNULTY, Respondent, v. SUNSET WAREHOUSES, INC., Appellant.— Judgment reversed on the law and a new trial granted, with costs to appellant to abide the event. Appeal from order dismissed. Plaintiff, a truckman, while engaged in receiving merchandise, consisting of bags of almonds each weighing 110 pounds, from defendant's warehouse to his truck, was struck and injured by one of the bags, for which injuries he was awarded a verdict resulting in the judgment under review. The bags were delivered from the third floor of the warehouse by sliding them down a chute to the plaintiff's truck, which was in the street in front of the warehouse. Plaintiff's theory is that defendant's employee was negligent in that he sent the bags down the chute in such rapid succession that he was unable to handle them, notwithstanding warnings to that effect. We think questions of contributory negligence and of the negligence of the defendant, as well as the question of whether the consequences of continuance by plaintiff to receive the merchandise in the manner in which it was delivered were so obvious that plaintiff, as a reasonable man, had them in mind, and with such knowledge took the risk, were for the jury. We are of opinion, however, that the trial court erred in charging the jury, at the request of plaintiff's counsel, in effect, that the jury could find the defendant negligent if its employee knew that plaintiff was working in front of the chute and that he was warned to refrain from sending the bags down the chute " in such rapid fashion." This eliminated entirely the questions as to whether or not the bags were delivered slowly or rapidly and, if rapidly, whether or not such delivery constituted negligence. The claim of the counsel for the respondent is that the instructions set forth in the main charge are sufficiently explicit. With that claim we are not in accord, particularly since the erroneous instruction constituted the last words to the jury before they began their deliberations, and upon this record it cannot be said to be harmless. (Burd v. Bleischer, 208 App. Div. 499–502.) Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.