CARRIE DRUMM, Respondent, v. MONTGOMERY WARD & Co., INC., Appellant.— Appeal from a judgment of the Supreme Court, entered in the Rensselaer county clerk's office on August 29, 1939, upon the verdict of a jury for $2,000 damages, $39.34 interest and $148.72 costs, amounting in all to $2,188.06, and from an order denying a motion to set aside the verdict. The action is for personal injuries sustained by the plaintiff when she fell over an ottoman in an aisle in defendant's retail store. Plaintiff and her husband were walking along an aisle between display counters in defendant's retail store when she suddenly stumbled and fell over a small dark colored ottoman in the aisle. There is proof that the light at that point in the store was dim and that there were no lights lighted where she fell. The trial court, without exception, submitted to the jury the question as to whether the defendant used reasonable care to see that the aisle in question was properly lighted. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.

CARRIE WOOD, Respondent, v. SOCONY-VACUUM OIL COMPANY, INC., Appellant.— Defendant appeals from a judgment of $6,000, entered upon the verdict of a jury, in favor of the plaintiff, for damages for personal injuries sustained by her as the result of an automobile accident; and from an order denying defendant's motion for a new trial. The accident happened about eleven o'clock in the morning of August 24, 1934. Plaintiff was a passenger in her father's automobile which was proceeding westerly upon a State highway between the city of Kingston and the hamlet of Shandaken. The highway was macadam, about twenty feet wide, and crowned in the center. It had rained previously and the road was slippery. The speed of the car in which plaintiff was riding was not in excess of twenty miles an hour. For some distance east of the point of the accident, and also some distance west, the highway curved in a rather long but shallow curve in the direction in which plaintiff was travelling. A private driveway entered the highway from the north and west of the point of the accident. Previous to the accident a large oil tank truck of the defendant had become stalled in this driveway, and another truck was engaged in pulling it out. The jury could have found from the testimony that the view of plaintiff's driver was obstructed by brush along the north edge of the curve until he reached a point approximately 200 feet from the leading truck; that such truck was apparently blocking the greater portion of the highway, and that the only warning given of this situation was by defendant's employee who waved his hand while standing a few feet from the front of the leading truck. The jury could also have found that plaintiff's driver applied his brake lightly, and the car skidded, due to the wet crowned surface of the road, and went over an embankment. It was for the jury to say whether defendant's employees had created a dangerous situation and failed to give adequate warning thereof. It was also for the jury to say, if negligence was found in that regard, whether such negligence was the proximate causes or one of the proximate causes of the accident. (Burd v. Bleischer, 208 App. Div. 499; Michelson v. Stuhlman, 272 N. Y. 163.) The jury may have found plaintiff's driver careless, but it was not bound thereby to defeat plaintiff's claim since she was a passenger. The case was properly submitted to the jury. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.