Section 168 of the Code provides that every material allegation of new matter in an answer, constituting a counter-claim, not controverted by a reply, shall, for the purposes of the action, be taken as true. *Page 240 
The answer in this case does, in our judgment, set up matter constituting a counter-claim, viz., false and fraudulent representations on the part of the original plaintiff in respect to the territorial extent of the farm sold and conveyed, whereby the defendant was induced to purchase it and give the notes in suit in part payment of the purchase-money (Whitney v.Allaire, 4 Den., 554; S.C., 1 N.Y., 305.) The answer further alleges, in substance, that the knoll which was thus falsely and fraudulently represented to be embraced in and to be part of the farm sold, would, if the representations had been true, have increased the value of the farm more than $5,000; and that her belief from such representations, that she was obtaining this knoll, induced the defendant to make the purchase.
The answer then concludes with a general allegation of damage to the amount of $5,000, which the defendant demands to recover by way of counter-claim.
No reply was put in to this counter-claim. The plaintiff went to trial in that condition of the pleadings. At the trial the defendant moved for judgment on the counter-claim; the motion was denied, no ground being stated or specific objection made, and directed a verdict for the plaintiff for the full amount of the notes.
It is now claimed on the part of the plaintiff that, conceding that the allegations in the answer constitute a counter-claim, and that their truth is admitted by their failure to reply, yet the allegations respecting the amount of damage sustained by the defendant are not material and are not admitted, and that therefore the defendant, not having proved the amount of damages on the trial, could only have been allowed nominal damages.
The counsel for the defendant evidently relied upon the specific allegation of the amount to which the value of the farm would have been enhanced had the representations been true, and the admission of this allegation by the failure to reply; as establishing a fact from which the damages could be computed, and therefore omitted to call any witnesses. It is *Page 241 
questionable whether this allegation was of a material fact and admitted by the failure to reply, or whether it amounted to more than a general allegation of damage. There is a difference of opinion on that point, but no such point appears by the case to have been taken at the trial.
The defendants motion for judgment on the counter-claim was decided in toto, without any objection being made of want of proof of the amount of damages. The court did not place its decision on that ground, but must be deemed to have decided that the matter set forth in the answer did not constitute a counter-claim, for if the ground of decision had been that the amount of damages was not proved, the court would have directed the allowance at least of nominal damages. The rule applicable to motions for nonsuit, which requires the defendant to specify objections which, if specified at the time, could be obviated by proof, is applicable to the case of a defendant who becomes actor in seeking to enforce a counter-claim. If (as we must infer the fact to have been) the decision below went upon the ground that the answer disclosed no counter-claim, proof of the amount of damages would have useless and would not have aided the defendant. If the want of such proof was the ground of objection, it should have been specified, so that the defendant might have supplied it, and not have been misled as to the real nature of the objection.
We have nothing to do with the bona fides of the defence, and have no right to speculate upon that subject. The law requires that the material allegations of this answer, it not being replied to, be taken as true. The plaintiff had the option to deny them or allow them to pass as true, and voluntarily chose the latter course. If true, the defendant had a counter-claim, and was entitled to the same opportunity to make it available which she would have had were she plaintiff instead of defendant. She is consequently entitled to the benefit of the rule, that objections to a recovery which can be obviated by proof must be specified at the trial, in order to be available on appeal. *Page 242 
The judgment should be reversed, and a new trial ordered, with costs to abide the event.
All concur, except CHURCH, Ch. J., and GROVER, J., dissenting.
Judgment reversed.