the company, it is, to say the least, doubtful whether he could convert them to his own use and retain them as his own property, together with the stock bonus which it was intended should be given to the persons who were willing to purchase or discount the notes.

The other questions presented by the appellant do not, we think, require discussion, our conclusion being that the learned judge at Special Term was right in granting the order appealed from, and accordingly it is affirmed, with $10 costs and disbursements. All concur.

---

(94 App. Div. 408.)

### LYNCH v. ELEKTRON MFG. CO. et al.

(Supreme Court, Appellate Division, First Department. May 13, 1904.)

1. ACTION FOR SERVANT'S INJURIES—NEGLIGENCE OF MASTER AND CO-TORT-FEASOR—JOINDER OF CAUSES OF ACTION.

An employé who, while at work in an elevator shaft, is injured by the negligent operation of the elevator by a third person, may join his cause of action against the third person with one against the master for failing to furnish him a safe place in which to work, the two defendants being joint tort feasors.

Van Brunt, P. J., and Patterson, J., dissenting.

Appeal from Special Term, New York County.

Action by Edward Lynch against the Elektron Manufacturing Company, Thomas I. McLeod, and William E. Ward. From an interlocutory judgment sustaining the demurrer of the defendants McLeod and Ward to the complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Frederic White Shepard, for appellant.
William R. Dorman, for respondents.

LAUGHLIN, J. This is an action to recover damages alleged to have been sustained by the plaintiff through the negligence of the defendants. The plaintiff alleges that on the 12th day of January, 1903, he was in the employ of the defendants McLeod and Ward as a workman assisting in installing electrical appliances in the elevator in the Hotel Martha Washington in the city of New York; that the defendant company had the contract for building, furnishing, and equipping the elevators, and as such contractor had "the full and exclusive charge, management, and control of said building, furnishing, and equipping, and of the work in connection therewith"; that plaintiff's employers had the contract for the installation of the electrical appliances, "and as such contractors had the full and exclusive charge, management, and control of said installation, and of the work in connection therewith"; that it was the duty of the defendant company to exercise care in the operation of the elevators so as not to injure the plaintiff, and that it was the duty of his employers to provide a safe place for him to perform his work, and to take all necessary precautions to guard against

¶ 1. See Parties, vol. 37, Cent. Dig. § 35.

injury to him while in the performance of his duties; that the defendant company negligently put an elevator in operation while the plaintiff was working in the shaft thereof, and the plaintiff's employers failed to discharge their duty to furnish a good, safe, and secure place in which to perform his work, and neglected to take necessary precautions to prevent injury to him, and failed to give notice to those having the right to use the elevator of plaintiff's presence in the shaft; that through the failure of the plaintiff's employers to notify the defendant company that he was performing work in the shaft, and their failure to perform their duty with reference to furnishing a safe place for the performance of his duties, and through the failure of the company to exercise due care in the operation of the elevator, the elevator, on the day aforesaid, and while plaintiff was so working in the shaft thereof, was put in motion, "and struck and crushed plaintiff." The demurrer is upon the grounds (1) that two causes of action are set forth—the one against the defendant company for negligence in operating the elevator, and the other against plaintiff's employers for failure to provide a safe place for the performance of the work; (2) that these causes of action are inconsistent, do not affect all the parties to the action, and are therefore improperly united; and (3) that the complaint does not set forth facts sufficient to constitute a cause of action against the demurring defendants.

It is not attempted on this appeal to sustain the interlocutory judgment on the ground that the complaint does not state facts sufficient to constitute a cause of action against the respondents, and therefore that question need not be considered. The other two grounds are urged and may be considered together, because, if they are to be given effect, they must be construed as charging that causes of action have been improperly united. Code Civ. Proc. § 488. The theory of the respondents is that the complaint sets forth two separate causes of action for negligence, one against the defendant company and the other against the respondents. The burden of the plaintiff's complaint is that he was injured by the movement of the elevator. If the contention of the respondents should be sustained, then the plaintiff was obliged, at his peril, to determine in advance who is responsible for setting the elevator in motion. Moreover, if two or more are responsible, according to the contention of the respondents, they must be sued separately, in which event a recovery against one would not prevent a recovery against the other, unless the theory of an election of remedies would apply in favor of a party not jointly liable. The learned judge at Special Term, in sustaining the demurrer, relied upon a decision in the courts of Pennsylvania and another in Rhode Island. It would not be profitable to consider those authorities. Suffice it to say that the rule with reference to joining defendants appears to be different in those states than in ours. Where the negligent acts of two or more persons contribute to the infliction of personal injuries upon another, I think they may be sued as joint tort feasors. It is not necessary that the omission of duty shall be the same, or of the same quality, or that the negligent acts shall be the same, or that they shall participate in the same negligent acts. It is sufficient that each has been guilty of a breach of duty which would render him liable individually for the damages, and then that the damages were caused

at one and the same time, and by the same instrumentality, or by instrumentalities operating together, or so concurrently in time and in their effect as to render the damages inseparable. In Slater v. Mersereau, 64 N. Y. 139, where water flowed into plaintiff's cellar from an adjoining roof and from a sidewalk, which were being constructed separately by independent contractors, the water having first commingled, it was held that, although the parties were separately negligent, yet the damages were caused by the negligence of both at one and the same time, and they were joint tort feasors. In Colegrove v. N. Y. & New Haven and N. Y. & Harlem R. R. Companies, 20 N. Y. 492, 75 Am. Dec. 418, plaintiff was injured by a collision of defendants' trains, upon one of which he was a passenger, and it was held that both were jointly liable for negligence. A good illustration of this principle in an analogous case is shown in Stone v. Dickinson, 5 Allen, 29, 81 Am. Dec. 727, where plaintiff was arrested on nine separate writs wrongfully procured by different judgment creditors, acting separately without concert, by the same officer, who served the writs simultaneously, and the plaintiff was confined to the jail upon all of them at the same time, it was held that they were to be regarded as joint trespassers, and full satisfaction received by the debtor from one of them was a bar to an action against any of the others; and a good illustration of the principle in action for negligence is found in Barnes v. Masterson, 38 App. Div. 612, 56 N. Y. Supp. 939, where a sublessee negligently piled sand against a wall resting wholly on adjacent premises to the height of three feet, and there was a question of fact whether he or a third party subsequently increased this sand pile to the height of about twenty feet, and the wall fell. It was held that the sublessee was liable for all the damages as a joint tort feasor, even if he only placed the first three feet of sand against the wall. The adoption of the rule for which the respondents contend would result in a great increase of litigation, would unsettle the practice and law in negligence cases as they have long existed and been understood by the profession and the judges, and would jeopardize the rights of parties plaintiff. No hardship can come from permitting all who are responsible for the same damages or injuries tortiously inflicted being joined as defendants in a single action. Those against whom the plaintiff establishes a cause of action will then be held, and the others will be protected by a judgment of nonsuit or dismissal.

It follows that the interlocutory judgment should be reversed, with costs, and the demurrer overruled, with costs, but with leave to the respondents to withdraw the demurrer and answer upon payment of the costs of the appeal and of the demurrer.

O'BRIEN and HATCH, JJ., concur. VAN BRUNT, P. J., and PATTERSON, J., dissent.