(113 App. Div. 601)

## VANDERVORT v. MINK.

(Supreme Court, Appellate Division, Fourth Department. May 2, 1906.)

1. **SET-OFF AND COUNTERCLAIM—SAME TRANSACTION.**

Where plaintiff sued for false and fraudulent representations in the sale of a horse, alleging a reliance thereon and resulting damages, and defendant admitted the sale of the horse, denied all other allegations, and pleaded a counterclaim for the balance of the purchase price of the horse unpaid, such counterclaim arose out of the same transaction, and was properly pleaded, as authorized by Code Civ. Proc. §§ 501, 502, 2945, whether plaintiff's cause of action be regarded as one in tort or for breach of warranty.

[Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Set-Off and Counterclaim, §§ 49, 50.]

2. **JUSTICES OF THE PEACE—APPEAL—NEW TRIAL ON THE MERITS.**

Plaintiff sued for false representations in the sale of a horse, demanding judgment in the sum of $49. Defendant answered, admitting the sale, denying all other allegations in the complaint, and pleading a counterclaim for the balance of the price of the horse unpaid, amounting to $64. *Held* that, the counterclaim being properly pleaded, defendant on appeal from the justice's judgment was entitled to a new trial on the merits in the county court, as authorized by Code Civ. Proc. § 3068, authorizing a new trial when the sum for which judgment was demanded by either party exceeded $50.

[Ed. Note.—For cases in point, see vol. 31, Cent. Dig. Justices of the Peace, § 656.]

3. **SAME—VARIANCE.**

Where plaintiff sued before a justice in tort for false representations in the sale of a horse, such complaint was not sustained by proof of a breach of warranty.

Appeal from Ontario County Court.

Action by Gilbert M. Vandervort, as administrator of the estate of Clarence S. Vandervort, deceased, against Lincoln A. Mink. From a County Court judgment, affirming a justice's judgment in favor of plaintiff, and directing that the appeal from the Justice's Court be regarded as one on questions of law only, and that defendant was not entitled to a new trial in the County Court, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

E. A. Griffith, for appellant.
Willis C. Ellis, for respondent.

WILLIAMS, J.   The judgment of the County Court and the order of May 18, 1904, should be reversed, with costs, and the case held for trial in County Court.   There were two trials in Justice's Court.   The first one resulted in a disagreement of the jury.   The original complaint was in writing, but is not contained in the record.   The answer thereto was merely a general denial.   Before the second trial, amended pleadings were made and filed, which are in the record.   When the second trial was called, the defendant did not appear, and the plaintiff gave his evidence, and took judgment by default.   The defendant appealed from such judgment to the County Court, and demanded a new trial in the Appellate Court, under section 3068, Code Civ. Proc., but required a return of the evidence taken at the trial in Justice's Court.   The return was made, and the evidence was included therein.   The County Court held the appeal was upon questions of law only, that no new trial could be had in County Court, and upon the evidence and proceedings affirmed the judgment of Justice's Court.   The plaintiff in his amended complaint demanded judgment for $49 only.   The defendant in his amended answer set up a counterclaim, and demanded judgment therein for $64.   The question of a new trial in County Court was therefore dependent upon the counterclaim, and whether it was properly interposed in the case.   The amended complaint set out a cause of action in tort, viz., the sale of a horse, the making of false and fraudulent representations on the sale, and the reliance of the plaintiff thereon, and resulting damages.   The answer admitted the sale of the horse, and denied all other allegations in the complaint, and then set up a counterclaim for balance of the purchase price of the horse unpaid.   This counterclaim was upon contract.   The plaintiff's cause of action was in tort, but both causes of action arose out of the same transaction (the sale of the horse), and the counterclaim was therefore properly interposed, under sections 501, 502, 2945, Code Civ. Proc.   This rule was recognized in Green v. Parsons, 27 Wkly. Dig. 544, Hall v. Werney, 18 App. Div. 565, 46 N. Y. Supp. 33, and Carpenter v. Man. Life Ins. Co., 93 N. Y. 552.

If the plaintiff's cause of action was merely for breach of contract of warranty, then clearly the counterclaim on contract also was permissible under the sections of the Code referred to.

There is another view of this case which would require a reversal of the judgment of the County Court, though not the order requiring the appeal to be regarded as one on questions of law only, and not for a new trial.   The complaint, as we have said, was one in tort, but the proof given before the court was merely of a breach of warranty.   The judgment of the justice was not, therefore, supported by the evidence under the pleadings, and would have to be reversed for that reason. If the complaint should be regarded as in contract merely breach of warranty, the evidence would support it, but in that event the counterclaim, being on contract, would certainly entitle the defendant to a new trial in County Court, and the judgment of the County Court and the order of May 18th would have to be reversed for that reason.

We think, however, whether the complaint was on contract or in tort, the counterclaim was properly interposed, and the appeal to the County Court entitled the defendant to a new trial in that court.

Judgment of County Court and order of May 18, 1904, reversed, with costs, and case held for trial in County Court. All concur.