EDWARD LASKA, Respondent, *v.* CHARLES K. HARRIS,
Appellant.

**Fraud — agent personally liable for fraudulent representations
although he may not have profited thereby — when counterclaim
improperly dismissed.**

A counterclaim based upon allegations that through plaintiff's
fraudulent representations defendant was induced to purchase the
assets of a certain corporation is properly pleaded and should not be
dismissed upon the ground that the sale to the defendant was made
by plaintiff's principals, and that if the defendant had any remedy
it was against them. If the plaintiff made the false representa-
tions alleged with a fraudulent design and damage resulted from
them to the defendant the plaintiff is liable though he may not
have profited from them or had any interest in the deception and
although the fraud may have induced the defendant to contract
with others as well as the plaintiff. The fact that the plaintiff's
false representations may not have been the sole inducing ·cause is
immaterial.

*Laska* v. *Harris*, 154 App. Div. 932, reversed.

(Argued June 17, 1915; decided July 13, 1915.)

APPEAL, by permission, from a judgment of the Appel-
late Division of the Supreme Court in the first judicial
department, entered January 8, 1913, affirming a judg-
ment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Adolph Hirsch Rosenfeld* for appellant. The court
erred in dismissing the defense and counterclaim alleging
the fraud of the plaintiff in inducing the defendant to
enter into the very contract upon which a recovery was
had. As the plaintiff perpetrated the fraud upon the
defendant he is personally responsible to the defendant,
irrespective of whether or not he was agent of a disclosed
principal or whether or not he benefited thereby, for the

damages suffered by the defendant and, in addition, the contract between plaintiff and defendant, induced by plaintiff's fraud should be rescinded. (*Kraus* v. *Birnbaum*, 200 N. Y. 130; *Lalor* v. *City of New York*, 208 N. Y. 431; *Scognamillo* v. *Passarelli*, 157 App. Div. 428; *Isham* v. *Davidson*, 52 N. Y. 237; *Thompson* v. *Sanders*, 118 N. Y. 252; *Pryor* v. *Foster*, 130 N. Y. 171; *Denison* v. *Grove*, 52 N. J. L. 144; *Adams* v. *Gillig*, 199 N. Y. 315; *Kley* v. *Healy*, 127 N. Y. 555; *Heckscher* v. *Edenborn*, 203 N. Y. 210; *Hubbard* v. *Briggs*, 31 N. Y. 518; *Hubbell* v. *Meigs*, 50 N. Y. 480; *Mack* v. *Latta*, 178 N. Y. 525.)

*Alexander A. Mayper* for respondent. The counter-claim was properly dismissed. (*Cronin* v. *Lord*, 161 N. Y. 90; *Kraus* v. *Birnbaum*, 200 N. Y. 130; *Lalor* v. *New York*, 208 N. Y. 431; *People ex rel. Hayes* v. *Waldo*, 212 N. Y. 156; *Daly* v. *Reineldt*, 97 App. Div. 147; *Barr N. Y., L. E. & W. R. R. Co.*, 125 N. Y. 263; *Schiffer* v. *Dietz*, 83 N. Y. 300; *Story* v. *Richardson*, 91 App. Div. 381; 181 N. Y. 584; *Adams* v. *Schwartz*, 137 App. Div. 237; *Rothschild* v. *Whitman*, 132 N. Y. 472.)

SEABURY, J. This action is for damages for breach of a written contract of employment. The plaintiff claims that he was wrongfully discharged by the defendant before the expiration of the period of employment specified in the contract. The answer pleaded that the plaintiff was discharged for cause and as a defense and counter-claim alleged that the plaintiff was the general manager of a music publishing company known as the Trebuhs Publishing Company and had complete charge of its affairs, and that as a result of fraudulent representations by the plaintiff as to the amount of the assets of the Trebuhs Publishing Company the defendant was induced to purchase and did purchase the assets of the Trebuhs Publishing Company for

$8,000, entered into a contract with L. & J. Shubert for the publication of their musical productions and entered into the contract employing the plaintiff for a period of two years, for the alleged breach of which the plaintiff sues in this action. The counterclaim contains allegations appropriate to an action for damages for fraud and deceit. The reply put in issue the allegations of the counterclaim. The defendant testified in support of his counterclaim. Before the defendant concluded his testimony the trial court dismissed the counterclaim, subject to the exception of the defendant. The ground upon which the counterclaim was dismissed was that the sale of the property of the Trebuhs Publishing Company to the defendant was made by the plaintiff's principals, not by the plaintiff and that if the plaintiff made false and fraudulent representations to the defendant he was acting as agent in so doing and that if the defendant had any remedy it was against his principals. The cause of action alleged in the complaint was upon contract and the cause of action alleged in the counterclaim was in tort, but both causes of action arose out of the same transaction. The contract pleaded in the complaint was the result of the false and fraudulent representations upon which the counterclaim is based. If the counterclaim is established, it would defeat the plaintiff's claim. The counterclaim was properly pleaded. (Code of Civil Proc. sec. 501; *Isham* v. *Davidson*, 52 N. Y. 237; *Vandervort* v. *Mink*, 113 App. Div. 601; Pomeroy's Code Remedies, sec. 787.) The ground upon which the learned trial court dismissed the counterclaim is clearly untenable. The counterclaim rested upon allegations of fraud and deceit and such an action lies against the persons guilty of the fraud and deceit. The fact that in making the false and fraudulent representations the plaintiff may have been acting for others may have rendered his principals liable also, but gave him no immunity for the false and fraudulent representations that he made. If the plaintiff made the false

representations alleged, with a fraudulent design and damage resulted from them to the defendant the plaintiff is liable, though he may not have profited from them or had any interest in the deception and although the fraud may have induced the defendant to contract with others as well as the plaintiff. (*Hubbard* v. *Briggs*, 31 N. Y. 518, 529; *Hubbell* v. *Meigs*, 50 N. Y. 480, 491; *Upton* v. *Vail*, 6 Johns. 181; *Heckscher* v. *Edenborn*, 203 N. Y. 210.) The fact that the plaintiff's false representations may not have been the sole inducing cause is immaterial. (*Kley* v. *Healy*, 127 N. Y. 555.)

The judgment should be reversed and a new trial granted, with costs to abide the event.

WILLARD BARTLETT, Ch. J., WERNER, COLLIN, CUDDEBACK, MILLER and CARDOZO, JJ., concur.

Judgment reversed, etc.