JULIUS BRODY, Appellant, *v.* MADISON LUNCH, INC., and Others, Respondents, Impleaded with ISRAEL MURZIN, Defendant.

Second Department, January 20, 1922.

**Pleadings — consolidation .of actions — actions not arising out of same transaction — action in tort by lessee against original lessor and its president to recover damages for inducing subtenant to break contract with lessee cannot be consolidated with action on contract against lessee by assignee of lessor for accrued rent — Civil Practice Act — purpose is to liberalize practice and remove technical restraints.**

An action in tort by a lessee against an original lessor and its president to recover damages caused by their unlawfully inducing a subtenant to break his contract with the lessee cannot be consolidated with an action on contract by the assignee of the lessor to recover from the plaintiff herein rent accrued after the assignment of the lease, for said actions do not arise out of the same transaction.

*It seems,* that, since it is the evident purpose of the Civil Practice Act to liberalize practice as much as possible and to remove every technical restraint upon the administration of justice, no decision should be made limiting the courts' powers thereunder until experience has demonstrated the actual necessity of such limitation.

APPEAL by the plaintiff, Julius Brody, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 19th day of December, 1921, denying plaintiff's motion to remove to the Supreme Court and to consolidate with this action an action pending in the City Court of the City of New York, entitled "Edwin Gower, Plaintiff, against Julius Brody, Defendant."

*Benjamin Reass* [*Julien W. Newman* with him on the brief], for the appellant.

*Leopold Blumberg,* for the respondents and Edwin Gower.

JAYCOX, J.:

The plaintiff is the lessee in a lease made by the defendant Madison Lunch, Inc., which permits an assignment of the lease or the subletting of the premises. The plaintiff claims

that he entered into an agreement with the defendant Murzin whereby said Murzin agreed to sublet said premises at an increased rental, and that the defendants entered into a conspiracy to induce and did induce the defendant Murzin to breach said agreement, and this action is brought to recover the damages occasioned by said breach.

The defendant Madison Lunch, Inc., on the 29th day of November, 1921, sold and assigned all its interest in the premises described in the lease to plaintiff, and also assigned said lease to one Edwin Gower and thereafter said Gower instituted an action in the City Court of the City of New York for the rent accruing under said lease for the month of December, 1921. The plaintiff seeks to consolidate these actions, claiming that relief may be accorded him, under section 96 of the Civil Practice Act, which reads as follows:

" § 96. Consolidation and severance of actions. An action may be severed and actions may be consolidated whenever it can be done without prejudice to a substantial right."

As it is the evident purpose of the Civil Practice Act to liberalize practice as much as possible and to remove every technical restraint upon the administration of justice, no decision should be made limiting the courts' powers thereunder until experience has demonstrated the actual necessity of such limitation. We, therefore, limit our decision to but one of the questions involved. Section 258 of the Civil Practice Act, in so far as material, provides: " § 258. Joinder of causes of action. The plaintiff may unite in the same complaint two or more causes of action, whether they are such as were formerly denominated legal or equitable, or both, where they are brought to recover as follows: * * * 9. Upon claims arising out of the same transaction, or transactions connected with the same subject of action, whether or not included within one or more of the other subdivisions of this section."

The plaintiff in this action seeks to recover damages for a tort. The City Court action is brought to recover upon a contract. These actions, therefore, cannot be consolidated unless the two causes of action grow out of the same transaction. This plaintiff's cause of action grows out of an alleged breach of an agreement between the plaintiff and Murzin. That is

the transaction involved in this action. The City Court action arises out of the plaintiff's failure to pay rent. The right of the plaintiff to recover in that action would be unaffected by proof of the cause of action alleged in the complaint herein. The two causes of action are not antagonistic. They may co-exist. If consolidated and both causes proven, the only relief plaintiff could have would be to have one cause of action offset against the other. Therefore, I think it is quite clear that these two causes of action do not arise out of the same transaction. This question is unaffected by the fact that the original lessor and its president are accused of causing the breach of the contract out of which this cause of action arises. This is but a fortuitous circumstance and has no relation to the cause of action. To cause the breach it was not necessary that these parties be either lessor or an officer of the lessor. There is, therefore, no ground for holding that these two causes of action arise out of the same transaction.

The order should be affirmed, with ten dollars costs and disbursements.

RICH, KELLY, KELBY and YOUNG, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.