ALBERT ZAPFE, Plaintiff, *v.* CHARLES WERNER, Defendant.

Supreme Court, Kings Special Term, February, 1923.

**Practice — consolidation of action in Municipal Court with one in Supreme Court — action against architect for negligence — counter action for services.**

Under sections 96 and 97 of the Civil Practice Act actions may be consolidated whenever it can be done without prejudice to a substantial right.

Where after an action has been brought in the Supreme Court against an architect for negligence in the planning and supervision of the erection to a building, he brought an action for services as an architect in connection with the same premises, a motion made in the first action for the removal of the second action to the Supreme Court and for the consolidation of both actions will be granted.

MOTION to consolidate actions.

*Thomas & Houghton,* for plaintiff.

*Joseph L. Frieder,* for defendant.

FABER, J. This action is brought to recover $10,000 damages for misrepresentation and negligence on the part of the defendant as an architect in the planning and supervision of the erection of an extension to a building at No. 25 Pierrepont street, Brooklyn. After service of the summons and complaint the defendant commenced an action in the Municipal Court against the plaintiff to recover $847.50 for services as an architect in connection with said premises. Plaintiff now moves that the Municipal Court action be removed to this court and consolidated with this action. This motion should be granted. Under sections 96 and 97 of the Civil Practice Act actions may now be consolidated whenever it can be done without prejudice to a substantial right. Prior to the enactment of the Civil Practice Act such consolidation could be had only when the actions sought to be consolidated were brought in the name of the same plaintiff, and against the same defendant, as well as that the causes of action be such as might under the then provisions of the Code be joined. *Goldey* v. *Bierman,* 201 App. Div. 527, 529.

Defendant contends that this motion cannot be granted because this action is in tort and the Municipal Court action is for breach of contract. Even though the complaint here is in tort the defendant may set up as a counterclaim the cause of action sued on in the Municipal Court, as both causes of action arose out of the same transaction. *Vandervort* v. *Mink,* 113 App. Div. 601; *Laska* v. *Harris,* 215 N. Y. 554. The motion is granted.

Ordered accordingly.