MORRIS BOSSAK and Another, Copartners Doing Business under the Firm Name of HOCHSTIM & BOSSAK, Appellants, *v.* NATIONAL SURETY COMPANY OF NEW YORK, Respondent, Impleaded with MASSACHUSETTS BONDING AND INSURANCE COMPANY, Defendant.

First Department, June 1, 1923.

Insurance — burglary insurance — action on separate policies issued by two insurers — policies are on same goods and each defendant is liable pro rata — defendants were properly joined under Civil Practice Act, §§ 211 and 212 — granting of order striking out name of one defendant not discretionary.

Two insurance companies may be joined as defendants under sections 211 and 212 of the Civil Practice Act, in an action on policies of insurance issued by them covering the same goods for loss of said goods by burglary, where it appears

that each of the defendants is liable only *pro rata* for the loss, since the fact of the alleged burglary, the value of the stolen merchandise, and the *pro rata* liability for loss present common questions of fact, and, since the insurance policies are substantially the same in form, there may also be present common questions of law.

It is not entirely discretionary with the Special Term whether or not to grant a motion to strike out from the summons and complaint the name of one of the defendants on the ground of misjoinder, for the burden of proof is upon the party objecting to the misjoinder to show undue prejudice.

APPEAL by the plaintiffs, Morris Bossak and another, from an order of the Supreme Court, made at the New York Special Term, dated the 30th day of March, 1923, and entered in the office of the clerk of the county of New York, granting respondent's motion to strike from the summons and complaint the name of the defendant Massachusetts Bonding and Insurance Company, and all allegations with respect to said defendant.

*Almy, Van Gordon & Evans* [*William S. Evans* of counsel], for the appellants.

*Prince & Loeb* [*Sidney J. Loeb* of counsel], for the respondent.

FINCH, J.:

Plaintiffs, as copartners, are suing the two defendants upon policies of insurance issued by them, covering the same goods, for a loss of said goods by a burglary. The policies are separate, but each of the defendants is liable only *pro rata* for the loss.

Section 211 of the Civil Practice Act provides as follows: "All persons may be joined as defendants against whom the right to any relief is alleged to exist, whether jointly, severally or in the alternative; and judgment may be given against such one or more of the defendants as may be found to be liable, according to their respective liabilities."

Section 212 of the same act provides: " It shall not be necessary that each defendant shall be interested as to all the relief prayed for, or as to every cause of action included in any proceeding against him; but the court may make such order as may appear just to prevent any defendant from being embarrassed or put to expense by being required to attend any proceedings in which he may have no interest."

Owing to the recent enactment of the Civil Practice Act, there have not been many decisions construing the sections involved. Said sections, however, were adopted from the English Practice Act (Rules of the Supreme Court, order 16, rules 4, 5), and have been the subject of many decisions of the courts of that country. It is the policy of the English courts to accord a liberal construction to the rules of this order, with a view to simplifying the practice

and curtailing litigation. (*Payne* v. *British Time Recorder Co.*, L. R. [1921] 2 K. B. 1.)   In the case last cited it was held that "As a general rule where claims by or against different parties involve or may involve a common question of fact bearing sufficient importance in proportion to the rest of the action to render it desirable that the whole of the matters should be disposed of at the same time, the court will allow the joinder of plaintiffs or defendants, subject to its discretion as to how the action should be tried." In that case a joinder of defendants was permitted, although the causes of action were distinct, and in fact predicated on obligations that were in no wise related one to the other.   The facts are shown in the opinion of the court, which reads in part as follows: " In the present case A. has entered into a contract with B. to supply him (A.) with certain goods according to sample, and has also entered into a contract with C. to sell the goods to be supplied to him by B. according to the same sample.   C. now says that the goods supplied to him are not according to sample.   B. says that they are according to sample.   The first question of fact is whether the goods which have passed from B. through A. to C. are sold in each case on the same sample.   That question would soon be disposed of at the trial.   There is then the question common to both cases: Are the goods according to this sample or not.   If the two present defendants were not joined the result would be that there would be two actions which would be set down to be heard together."

That there are common questions involved in the case at bar cannot be denied.   Respondent concedes that there are in common, *first,* the fact of the alleged burglary; *second,* the value of the stolen merchandise.   It would seem, also, that the *pro rata* liability for loss under the policies presents another common question of fact; and since the insurance policies are substantially the same in form, there may also be present common questions of law.

The respondent urges that it is entirely discretionary with the Special Term whether or not to grant the motion; but the respondent loses sight of the fact that the burden of proof is upon the party objecting to show undue prejudice.   The defendant has not shown any undue prejudice to it by reason of this joinder.

It follows that the order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, MERRELL and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.