Edward S. Cowles, Plaintiff, *v.* Marc Eidlitz & Son, Inc., and Underpinning and Foundation Co., Inc., Defendants.

Edward S. Cowles, Plaintiff, *v.* Friestedt Underpinning Co. (Inc.), and John T. Woodruff & Son (Inc.), Defendants.

Supreme Court, New York Special Term, August, 1923.

**Practice — consolidation of actions — unnecessary that parties defendant be the same.**

It is no longer the rule that two actions to be consolidated should be against the same defendant and where separate actions are brought to recover damages alleged to have been caused by the failure of the respective defendants to properly shore up and protect the real property of plaintiff during the construction of buildings on both sides thereof, commenced at different times, plaintiff's motion for the consolidation of the actions will be granted.

Motion to consolidate actions.

*Franc & Becker*, for plaintiff, for motion.

*M. Carl Levine (Howard C. Taylor*, of counsel), for defendant John T. Woodruff & Son, Inc.

*Eidlitz & Hulse*, for defendant Marc Eidlitz & Son, Inc., opposed.

Burr, J. Plaintiff moves to consolidate two actions now pending. Separate actions were instituted against different defendants in both actions to recover damages alleged to have been sustained by plaintiff by reason of injuries to his real property caused by the failure of the respective defendants to properly shore up and protect plaintiff's property during the course of construction of certain buildings on both sides of his said property. The construction of buildings on either side of plaintiff's property was commenced at different periods. The damages, if any, were caused by the acts of the defendants at different periods of time. If plaintiff sustains both causes of action one or all of the defendants may be held to be liable in whole or in part. If both actions be tried separately it may be that the plaintiff will be met with proof, either positive or expert, that the defendants in the action not on trial are liable for the damage or for the proximate cause of the injury to the property. I do not believe that the plaintiff should be placed in this position when it is possible that the court and jury may hear the evidence of all defendants and place the responsibility of the respective defendants where it rightfully belongs. The condition for consolidation of the actions, it seems to me, is whether or not all of the defendants could have been joined as party defendants in one action. *Goldey* v. *Bierman,*

201 App. Div. 527.   Sections 211, 212 and 213 of the Civil Practice
Act were adopted from the English Practice Act, rules 4, 5 and 7.
*Bossak* v. *National Surety Co.*, 205 App. Div. 707; *Payne* v.
*British Times Recorder Co.*, L. R. (1921) 2 K. B. 1.   The four
defendants named in the respective complaints are all persons
" against whom the right to any relief is alleged to exist, whether
jointly, severally or in the alternative."   Civ. Prac. Act, § 211.
Judgment may be asked for " against such one or more of the
defendants as may be found to be liable " for the damages caused
by them " according to their respective liabilities."   Civ. Prac.
Act, § 211.   It is true that there are two separate and distinct
causes of action based upon two separate acts of the respective
defendants, but there is no question but that one set of defendants
will attempt to hold the other set liable for any damages caused.
" It shall not be necessary that each defendant shall be interested as
to all the relief prayed for, or as to every cause of action included."
Civ. Prac. Act, § 212.   The plaintiff here " is in doubt as to the
person from whom he is entitled to redress " and as to the damage
caused by each respective defendant and to the damage caused
to his house which developed after the second excavation.   There-
fore " he may join two or more defendants, to the intent that the
question as to which, if any, of the defendants is liable, *and to
what extent*, may be determined as between the parties."   Civ.
Prac. Act, § 213.   It is no longer the rule that the two actions
should be against the same defendant.   *Goldey* v. *Bierman, supra.*
I believe, in view of the liberality with which the sections here
discussed have been construed (*Brody* v. *Madison Lunch*, 199
App. Div. 540; *Japfe* v. *Werner*, 120 Misc. Rep. 326), that the facts
in the instant case justify in the interest of justice the granting
of the application as prayed for.   Motion granted.   Settle order
on notice.

Ordered accordingly.