IRVING ADER, as Administrator, etc., of BERNARD ADER, Deceased, Appellant, v. MOLLY BLAU, Defendant, Impleaded with HERMAN S. EMIL, Respondent.

Second Department, January 26, 1925.

Pleadings — joinder of actions — defect of parties — death action against owner of premises for negligence in maintaining an attractive nuisance, and against physician for malpractice — plaintiff's intestate while playing about iron fence became impaled on sharp point of picket and defendant physician was engaged to treat him — causes of action properly joined under Civil Practice Act, §§ 209, 211, 213 and 258.

An action for the death of the plaintiff's intestate against an owner of property may be joined under sections 209, 211, 213 and 258 of the Civil Practice Act with an action against a physician for malpractice where it appears that the plaintiff's intestate, a child, was playing about an iron picket fence, an alleged attractive nuisance, and became impaled upon the sharp point of one of the pickets and suffered an injury; and that thereafter the defendant physician was called upon to treat the child and, as alleged in the complaint, treated the child in an improper and unskillful manner, in that he failed to inject an

anti-tetanus serum or anti-toxin as a preventative of tetanus, as a proper and scientific treatment required, in consequence of which the child died.

The nature of the action given by the death statute contemplates that all joint tort feasors may be sued in one action whether the negligence is concurrent or separate, where the wrongful act contributes to the death, and the test of whether there is a proper joinder of causes of action in one complaint against different defendants in a death case, is whether the causes of action are connected with the same subject of the action; the subject of the action is the right to recover damages for death caused by negligence or nuisance or both.

The Civil Practice Act does not change the situation as it existed under the Code of Civil Procedure. It affects a substantial right of the next of kin under the death statute to sue in one action all the defendants who may be responsible for the death. The common question of fact is "who is liable for the death;" and while in this case one cause of action against one defendant is on the theory of negligently maintaining a nuisance attractive to children, and the other for malpractice in that the defendant physician was negligent in the treatment of the child, and while it may be that a common question of law is not involved, the actions arise out of the same transaction or transactions connected with the subject of the action within subdivision 9 of section 258 of the Civil Practice Act; the same transaction being the death by wrongful act which cannot be split into its constituent causes so as to give an action for each of them.

KAPPER and YOUNG, JJ., dissent, with opinion.

APPEAL by the plaintiff, Irving Ader, as administrator, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 9th day of December, 1924, striking out the second cause of action alleged in the complaint against the defendant Herman S. Emil and dropping him from the action on the ground of misjoinder of parties defendant.

*James M. Gorman,* for the appellant.

*Gustave Posner,* for the respondent.

MANNING, J.:

The motion was made upon the complaint alone, and the notice of motion states the grounds to be (a) defect of parties defendant; and (b) that the first cause of action is to recover damages for wrongful death caused by the alleged negligence of defendant Blau in maintaining an alleged attractive nuisance, and the second cause of action is to recover damages for wrongful death caused by the alleged malpractice of the defendant Emil as a physician in giving alleged improper and unskillful medical aid and treatment. The notice of motion states that the said two causes of action do not arise out of the same transaction nor are they transactions connected with the same subject of the action, and that they are inconsistent with each other. The court granted the motion in a memorandum; and an order was made dropping the defendant

Emil from the action, and striking out the second cause of action against him in the complaint.

The action is the statutory one on behalf of the next of kin for death by wrongful act. (See Decedent Estate Law, § 130 et seq., as added by Laws of 1920, chap. 919, known as the Death Statute; formerly Code Civ. Proc. § 1902 et seq., as amd.)

The complaint is against the two defendants. A first cause of action is alleged against the defendant Blau, the owner of certain premises, for negligently maintaining a sharp iron, pointed picket fence on a concrete supporting foundation, adjacent to the highway, so constructed as to attract children, occupying her house and adjoining houses, well knowing that said children were accustomed to play about and around said fence and climb it and walk along its concrete foundation, and well knowing that it was dangerous to children; that on September 12, 1924, plaintiff's intestate, a child of seven and one-half years old, while playing about said fence, became impaled on the sharply pointed top of a picket, resulting in infection, from which he subsequently died. The second cause of action is against the defendant Emil, the doctor treating the boy, in which malpractice is alleged, in that he failed to inject an anti-tetanus serum or anti-toxin, as a preventative of tetanus and as proper and scientific treatment required, in consequence of which negligence the boy died.

The court in granting the motion, among other things said: " The causes of action do not involve common questions of law or fact," and cited as authority the case of S. L. & Co., Inc., v. Bock (118 Misc. 756), in which case the question of joinder under the provisions of the Civil Practice Act (§§ 209, 211–213, 258) was minutely gone into, and rules 1, 4, 5 and 7 of order 16 of the English Rules of the Supreme Court, which are here known as the English Practice Act, upon which our statutory provisions, except section 258 of the Civil Practice Act, were based and the English authorities interpreting them were reviewed, by which it is established "that either plaintiffs or defendants may be joined where the respective claims arise out of a set of circumstances involving any common question of law or fact; " and the similar holding in the case of 137 East 66th Street, Inc., v. Lawrence (118 Misc. 486) was cited with approval.

Both of these cases interpret the sections of the Civil Practice Act referring to joinder of parties plaintiff and defendant. They were not death cases brought under the Death Statute, but actions brought by landlords against several tenants of premises for rent, and for use and occupation.

Section 484 of the Code of Civil Procedure provided as follows:

" What causes of action may be joined in the same complaint. The plaintiff may unite in the same complaint, two or more causes of action, whether they are such as were formerly denominated legal or equitable, or both, where they are brought to recover as follows:  *  *  *

" 2. For personal injuries except libel, slander, criminal conversation or seduction.  *  *  *

" 9. Upon claims arising out of the same transaction, or transactions connected with the same subject of action, and not included within one of the foregoing subdivisions of this section.  *  *  .*

" But it must appear, on the face of the complaint, that all the causes of action, so united, belong to one of the foregoing subdivisions of this section; that they are consistent with each other; and, except as otherwise prescribed by law, that they affect all the parties to the action; and it must appear upon the face of the complaint, that they do not require different places of trial."

The Civil Practice Act provides:

" § 209. Joinder of plaintiffs generally.  All persons may be joined in one action as plaintiffs, in whom any right to relief in respect of or arising out of the same transaction or series of transactions is alleged to exist whether jointly, severally or in the alternative, where if such persons brought separate actions any common question of law or fact would arise; provided that if upon the application of any party it shall appear that such joinder may embarrass or delay the trial of the action, the court may order separate trials or make such other order as may be expedient, and judgment may be given for such one or more of the plaintiffs as may be found to be entitled to relief, for the relief to which he or they may be entitled.  *  *  *

" § 211. Joinder of defendants generally.  All persons may be joined as defendants against whom the right to any relief is alleged to exist, whether jointly, severally or in the alternative; and judgment may be given against such one or more of the defendants as may be found to be liable, according to their respective liabilities.

" § 212. Defendant need not be interested in all the relief claimed. It shall not be necessary that each defendant shall be interested as to all the relief prayed for, or as to every cause of action included in any proceeding against him; but the court may make such order as may appear just to prevent any defendant from being embarrassed or put to expense by being required to attend any proceedings in which he may have no interest.

" § 213. Where doubt exists as to who is liable.  Where the plaintiff is in doubt as to the person from whom he is entitled to

redress, he may join two or more defendants, to the intent that the question as to which, if any, of the defendants is liable, and to what extent, may be determined as between the parties."

Section 258 of the Civil Practice Act provides:

"§ 258. Joinder of causes of action. The plaintiff may unite in the same complaint two or more causes of action, whether they are such as were formerly denominated legal or equitable, or both, where they are brought to recover as follows:   *   *   *

" 2. For personal injuries, except libel, slander, criminal conversation or seduction.   *   *   *

" 9. Upon claims arising out of the same transaction, or transactions connected with the same subject of action, whether or not included within one or more of the other subdivisions of this section.   *   *   *

" It must appear upon the face of the complaint that all the causes of action so united belong to one of the foregoing subdivisions of this section; that they are consistent with each other; and it must appear upon the face of the complaint, that they do not require different places of trial.

" A provision of statute authorizing a particular action, or regulating the practice or procedure therein, shall not be construed to prevent the plaintiff from uniting in the same complaint two or more causes of action pursuant to this section."

This section takes the place of section 484 of the Code of Civil Procedure, and is substantially the same, except that the provision " that they affect all the parties to the action " has been omitted from section 258 of the Civil Practice Act; and it specifically provides that a provision of statute authorizing a particular action, or regulating the practice or procedure therein, shall not be construed to prevent the plaintiff from uniting in the same complaint two or more causes of action pursuant to this section. This latter clause of said section 258 seems to be revised from other provisions of the Code of Civil Procedure which are not here material. (See Report Joint Legis. Com. Simp. Civ. Prac. [N. Y. Legis. Doc. 1919, vol. 40, No. 111] pp. 182, 183.) While it is stated in the *Lawrence* and *Bock Cases* (*supra*) that there is no precise equivalent for rule 1 of order 18 of the English Rules of the Supreme Court, it sufficiently appears from said cases that said English rule is practically similar to our section 258 of the Civil Practice Act, although broader in its effect. Said English rule substantially provides that " all causes of action may be joined."

The appellant maintains that the death statute impliedly permits the joinder as defendants of all persons who contributed to the death; that the action is an independent action to the next of kin for a

wrongful act, and that the right of action of the administrator is not dependent upon rules of joinder in the statutes or rules of the court, but rests upon the inherent nature of the statutory cause of action; and that " Death by wrongful acts constitutes one single and indivisible tort," and hence " All persons who contribute to that tort are proper defendants. All wrongs causing the death may be joined whether they are concurrent, separate, successive or independent of each other, and whether they sound in negligence, nuisance, trespass or any other form of wrong." Under this latter point it is claimed that the common tie that binds the guilty parties and their different wrongs is the death, and essentially the same rule prevails in all personal injury cases, that is, that the tort is to be regarded as indivisible, and in either case the joint tort feasors and their offenses cannot be apportioned, if they in any manner participated simultaneously or at different times or in different degrees to the same death or accident.

In 17 Corpus Juris, 1277, it is said: " But while all persons whose acts contributed to cause the death may be joined as defendants, it has been held that the cause of action is single and cannot be split and separate recoveries had against the several persons liable." (See, also, *Mangan* v. *Hudson River Telephone Co.*, 50 Misc. 388; *Sternfels* v. *Met. Street R. Co.*, 73 App. Div. 494.) In this latter case Mr. Justice HATCH said: " It is well settled that an action may be maintained against two joint tort feasors whose negligence contributes to produce an injury even though the same obligations do not rest upon each with respect to the person injured. It is sufficient to support a recovery if the negligence of both be a contributing cause, even though one owes to the person injured a higher degree of care and even though there be differing degrees of negligence by each. Either or both are alike responsible." In the case of *Lynch* v. *Elektron Mfg. Co.* (94 App. Div. 408), where it was urged that the causes of action were improperly united, LAUGHLIN, J., said: " Where the negligent acts of two or more persons contribute to the infliction of personal injuries upon another I think they may be sued as joint tort feasors. It is not necessary that the omission of duty shall be the same or of the same quality, or that the negligent acts shall be the same, or that they shall participate in the same negligent acts. It is sufficient that each has been guilty of a breach of duty which would render him liable individually for the damages and then that the damages were caused at one and the same time and by the same instrumentality or by instrumentalities operating together or so concurrently in time and in their effect as to render the damages inseparable." The court said to hold otherwise would

unsettle well-established law and practice in the courts and be contrary to justice.

The cases seem to hold that the negligence of separate defendants need not be concurrent.

In *Gardner* v. *Friederich* (25 App. Div. 521) it was said: " If the concurrent or successive negligence of two persons combined togetHer results in an injury to a third person, he may recover damages of either or both; and this rule obtains, although it may be difficult to determine in what proportion each of the wrongdoers contributed to the injury." And in the recent case of *Burd* v. *Bleischer* (208 App. Div. 499) the court said: " That another person contributed either before the defendant's interposition or concurrently with such interposition in producing the injury to plaintiff's intestate, is no defense. * * * Where two parties by their separate and independent acts of negligence furnish direct causes of a single injury to another person, and it is not possible to determine in what proportion each contributed to the injury, either is responsible for the whole injury, even though his act alone might not have caused the entire injury." In the case of *Schneider* v. *Second Ave. R. R. Co.* (27 J. & S. 536; 39 N. Y. St. 370; 133 N. Y. 583) the General Term of the Superior Court of the City of New York held: " The comparative degrees in the culpability of the two defendants will not affect the liability of either. If both were negligent in a manner contributing to the result, they are liable jointly or severally." In the case of *Matthews* v. *D., L. & W. R. R. Co.* (56 N. J. Law, 34, 36), citing New York cases, it was said: " But when each of two or more persons owes to another a separate duty which each wrongfully neglects to perform, then, although the duties were diverse and disconnected and the negligence of each was without concert, if such several neglects concurred and united together in causing injury, the tort is equally joint and the tort-feasors are subject to a like liability " and " any or all of the tort-feasors may be held." In all of these cases joinder was permitted.

From a reading of these cases, I think the very nature of the action given by the Death Statute contemplates that all joint tort feasors may be sued in one action, whether the negligence is concurrent or separate, where the wrongful act contributes to the death. " The object of the suit is single " (*Reed* v. *Stryker*, 4 Abb. Ct. App. Dec. 26, 31); " the defendants performed different parts in the same drama; but it was still one piece — one entire performance, marked by different scenes." (*Brinkerhoff* v. *Brown*, 6 Johns. Ch. 138, 154.)

The principle is recognized in a recent case (*Smith* v. *Earle*, 202 App. Div. 305), where the complaint stated one cause of action

against different defendants, one for maintaining a nuisance and the other for negligence in preparing the plans of a building which fell, killing the intestate.    Mr. Justice PAGE, in reversing the Special Term and granting the motion, which was one to compel the service of an amended complaint setting out the charges against each defendant in separate causes of action, said: " This action is the statutory action to recover damages for a wrongful act, neglect or default by which the decedent's death was caused.    \*   \*   \*    If death had not ensued, the plaintiff's intestate would have had a cause of action against the defendants for maintaining a nuisance or for negligent acts whereby he sustained injuries.    Therefore, the administrator may sustain an action on either theory.    \*   \*   \*    As they are all to recover for personal injuries they can be united in the same complaint,    \*   \*   \*    and they are not inconsistent with each other. The fact that all the defendants might not be liable on all the causes of action is not an objection that can now be urged.    \*   \*   \* The plaintiff should be required, if she desires to prosecute her suit for damages on both theories, to separately state and number them."    As I read this pleading in the case before us, this is what has been done.    It is true there was no motion to strike out, as here; but this case and all the cases seem to hold where nuisance and negligence against different defendants could have been joined in separate causes of action in a suit by the injured person if he had lived, it may be done in separate causes of action by an administrator.    (See, also, *Sherlock* v. *Manwaren,* 208 App. Div. 538, where several physicians were sued in negligence, although it was held proper to join them, but that under rule 90 of the Rules of Civil Practice the separate causes of action should be separately stated.    See, also, *Griffin* v. *Bles,* 202 App. Div. 443, a death case, where three causes of action against physicians were sustained, for fraud in inducing an operation, for the operation, and for malpractice.)

The cases seem to hold that the test of whether there is a proper joinder of causes of action in one complaint against different defendants, in a death case, is whether the causes of action are connected with the same subject of the action.    The subject of the action is to recover damages for death caused by negligence or nuisance or both.    As I view it this was so under the Code, and is still so under the Civil Practice Act, when applied to an action of this nature.    I think the proper procedure is to bring one action, as was done here.    As Mr. Justice BURR said at Special Term in the case of *Cowles* v. *Eidlitz & Son, Inc.,* and *Cowles* v. *Friestedt Underpinning Co., Inc.* (121 Misc. 340), where a motion was made to consolidate the actions against different defendants:

" If both actions be tried separately it may be that the plaintiff will be met with proof, either positive or expert, that the defendants in the action not on trial are liable for the damage or for the proximate cause of the injury to the property. I do not believe that the plaintiff should be placed in this position when it is possible that the court and jury may hear the evidence of all defendants and place the responsibility of the respective defendants where it rightfully belongs. The condition for consolidation of the actions, it seems to me, is whether or not all of the defendants could have been joined as party defendants in one action. *Goldey* v. *Bierman,* 201 App. Div. 527. Sections 211, 212 and 213 of the Civil Practice Act were adopted from the English Practice Act, rules 4, 5 and 7.* *Bossak* v. *National Surety Co.,* 205 App. Div. 707; *Payne* v. *British Time Recorder Co.,* L. R. (1921) 2 K. B. 1. The four defendants named in the respective complaints are all persons ' against whom the right to any relief is alleged to exist, whether jointly, severally or in the alternative.' Civ. Prac. Act, § 211. Judgment may be asked for ' against such one or more of the defendants as may be found to be liable ' for the damages caused by them ' according to their respective liabilities.' Civ. Prac. Act, § 211. It is true that there are two separate and distinct causes of action based upon two separate acts of the respective defendants, but there is no question but that one set of defendants will attempt to hold the other set liable for any damages caused. ' It shall not be necessary that each defendant shall be interested as to all the relief prayed for, or as to every cause of action included.' Civ. Prac. Act, § 212. The plaintiff here ' is in doubt as to the person from whom he is entitled to redress ' and as to the damage caused by each respective defendant and to the damage caused to his house which developed after the second excavation. Therefore ' he may join two or more defendants, to the intent that the question as to which, if any, of the defendants is liable, and to what extent, may be determined as between the parties.' Civ. Prac. Act, § 213. It is no longer the rule that the two actions should be against the same defendant. *Goldey* v. *Bierman, supra.* I believe, in view of the liberality with which the sections here discussed have been construed (*Brody* v. *Madison Lunch,* 199 App. Div. 640; *Zapfe* v. *Werner,* 120 Misc. Rep. 326), that the facts in the instant case justify in the interest of justice the granting of the application."

I cannot reconcile the holdings in the decisions to which I have referred with the conclusions of the Special Term here that " The causes of action do not involve common questions of law or fact.

---

* See English Rules of the Supreme Court, order 16, rules 4, 5, 7.— [REP.

The rules of law applicable to the first cause of action are entirely different from those in the second cause of action. There are questions of fact which affect one defendant and do not affect the other." If the Civil Practice Act has changed the situation as it existed under the Code, I am inclined to agree with Mr. Justice LAUGHLIN in the case of *Lynch* v. *Elektron Mfg. Co.* (94 App. Div. 408, 412) that "The adoption of the rule for which the respondents contend would result in a great increase of litigation, would unsettle the practice and law in negligence cases as they have long existed and been understood by the profession and the judges, and would jeopardize the rights of parties plaintiff." In that case the court refused to hold a complaint to be demurrable on the ground that two separate causes of action for negligence were improperly united therein against separate defendants.

I do not believe the Civil Practice Act has changed the situation. It affects a substantial right of the next of kin under the Death Statute to sue in one action all defendants who may be responsible for the death. The common question of fact, as I view it, is "who is liable for the death;" and while one cause of action against one defendant is on the theory of negligently maintaining a nuisance attractive to children and the other for malpractice in that the defendant was negligent in the treatment of the intestate, and it may be that a common question of law is not involved, the action here arose out of "the same transaction, or transactions connected with the same subject of action" (Civ. Prac. Act, § 258, subd. 9), the same transaction, as I view it, being the death by wrongful act, which cannot be split up into its constituent causes, so as to give an action for each of them. I can readily see where the plaintiff here would be in doubt as to the person who should be sued for this death, not knowing who was actually responsible therefor. (See Civ. Prac. Act, § 213.) This is apparent from a reading of the complaint. And yet the Death Statute gives him a cause of action. Nor do I think the plaintiff could be compelled to elect (*Smith* v. *Earle*, 202 App. Div. 305, 307; *Schoenfeld* v. *Mott Avenue Realty Co.*, 168 id. 91), as the causes of action are not inconsistent.

In the recent case of *Payne* v. *British Time Recorder Co., Ltd.* (L. R. [1921] 2 K. B. 1) the court held that although the claims were inconsistent and questions were raised which were not common to both defendants, there was one important question common to both, and SCRUTTON, L. J., said (at p. 16): "The result of the later decisions is that you must look at the language of the rules and construe them liberally, and that where there are common questions of law or fact involved in different causes of actions you should include all parties in one action, subject to the discretion

of the court, if such inclusion is embarrassing to strike out one or more of the parties." The tendency of our own courts in construing the sections of the Civil Practice Act applicable to the situation as presented in this record before us, has been to liberalize the practice and do away with all technical procedure, and this is as it should be. The burden of proof is on the party objecting to the joinder to show undue prejudice, and unless such prejudice is shown, an order of the Special Term striking from the summons and complaint the name of a defendant and dismissing the complaint as to such defendant will be reversed on appeal. (See *Bossak* v. *National Surety Co.*, 205 App. Div. 707; *Brokaw* v. *Lage*, 203 id. 155.)

I, therefore, suggest a reversal of the order on the law, with ten dollars costs and disbursements, and a denial of the motion, with ten dollars costs.

KELLY, P. J., and RICH, J., concur; KAPPER, J., dissents and reads for affirmance, with whom YOUNG, J., concurs.

KAPPER, J. (dissenting):

The two causes of action are not based upon the one tort. Two separate causes of action are alleged, one for *negligence* or *nuisance* which produced an injury from which the decedent is claimed to have died, and the other for *malpractice* from which the death resulted. An action for damages for a wrong which caused a death must be based upon an act without which death would not have ensued. Two unrelated wrongs are alleged in this complaint against two unconnected and non-contributing parties, that is to say, the unrelated act of each is claimed to have been the sole cause of the decedent's death. The causes of action are not consistent with each other and cannot be joined. (See Civ. Prac. Act, § 258.) A death action, so to speak, is not one for *causing death*, but is one for *a wrongful act* which caused death. The statute gives the representative of the decedent the right to maintain an action to recover damages "for a wrongful act, neglect or default, *by which* the decedent's death was caused." (Decedent Estate Law, § 130.) Here two distinct wrongful acts are charged against two separate individuals, each act being separately alleged to have been the cause of the death of the intestate. In legal effect, two separate trials are necessary. The proof in one has no concern with the other. I think the Special Term was right and, therefore, vote to affirm.

YOUNG, J., concurs.

Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.