SCHECHNER-WITTNER, INC., Plaintiff, *v.* E. A. WHITE ORGANIZATION, INC., Defendant.

City Court of New York, Bronx County, January 6, 1931.

*Herman Scheckner*, for the motion.

*Jacob I. Goodstein*, opposed.

DONNELLY, J. These are three actions, in each of which the plaintiff seeks to recover back from the defendant a certain sum of money paid by it to the defendant for the purchase by plaintiff of certain real property owned by a third party, the plaintiff claiming that it was induced to make the purchase upon the strength of false and fraudulent representations by the defendant, acting as the owner's agent. In each of the actions plaintiff moves to strike out as insufficient in law, certain of the defenses in the defendant's answer.

The complaint alleges that in or about the month of July, 1926, the defendant solicited the plaintiff to purchase the property; that, relying upon the defendant's representations, the plaintiff was induced to purchase, and on August 3, 1926, signed the contract for the purchase and paid the defendant on account of the purchase price; and that, upon discovering the falsity of such representations, plaintiff rescinded said agreement of sale and reconveyed to defendant's principal the property so purchased. In the first and second defenses it is alleged that subsequent to the 3d day of August, 1926, the plaintiff acquired title to the property from the defendant's principal, and thereafter conveyed it to a third person, and that, by reason thereof, plaintiff ratified and confirmed the contract of purchase set forth in the complaint, waived the alleged false and fraudulent representations, has no interest in the subject-matter of this action, has no right to maintain it, and is not a proper party plaintiff. It is apparent from the pleadings that the third party referred to in the defendant's answers is the defendant's principal.

By its rescission of the contract of purchase, plaintiff may have waived its right to damages for the fraud against the defendant's principal, but it retains its cause of action to recover the money it paid to the agent, this defendant. (*Mack* v. *Latta*, 178 N. Y. 525, 529.) Plaintiff's motions, so far as they relate to the first and second defenses, are granted.

In the third defense the defendant alleges that at all the times set forth in the complaint the defendant was acting for the Tenbroeck Development Corporation as its agent, and that the moneys claimed by plaintiff to have been paid to defendant were paid to it as agent for said corporation, pursuant to the terms of the written contract between the corporation and plaintiff. Upon these allegations the defendant contends that the plaintiff may look only to the principal to recover back the moneys he paid to this defendant. With this contention I am unable to agree. In *Laska* v. *Harris* (215 N. Y. 554, 556) it was said: " The fact that in making the false and fraudulent representations the plaintiff may have been acting for others may have rendered his principals liable also, but gave him no immunity for the false and fraudulent representations that he made. If the plaintiff made the false representations alleged, with a fraudulent design and damage resulted from them to the defendant the plaintiff is liable, though he may not have profited from them, or had any interest in the deception and although the fraud may have induced the defendant to contract with others as well as the plaintiff." In *Peterson* v. *McManus* (187 Iowa, 522; 172 N. W. 460) it was held: " Where an agent by actual fraud obtains money, he may be made to restore it in a suit to rescind, though he is not a party to the contract, and though he has turned the money over to his principal." The motions to strike out the third defense are granted.

In the sixth defense the defendant repeats and reiterates certain enumerated preceding paragraphs of its answer, which set forth that plaintiff sued the Tenbroeck Development Corporation and received from it a sum of money, and it claims that by reason thereof plaintiff made an election to proceed against defendant's principal and, therefore, has discharged this defendant from any liability on the facts set forth in the complaint. This defense would be good had the defendant alleged that the plaintiff had been paid in full. The restoration by the principal of anything less than the entire amount does not, except, perhaps, upon proof of the principal's insolvency, preclude the plaintiff from proceeding against the agent for the balance. The motions to strike out the sixth defense are granted.

The seventh defense, which is interposed in the action affecting lots 39 and 40, is of the same character as the first defense set up in the other actions. The motion to strike it out is granted for the reasons stated in disposing of the motions relating to the first defense. Leave is given to the defendant to serve an amended answer within five days after the service upon it of the order entered hereon. Order filed.