## (January 15, 1945.)

BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT NO. 1, TOWN OF HAVERSTRAW, Plaintiff, v. EUCLID A. LONG, Defendant.— Submission of a controversy under sections 546–548 of the Civil Practice Act. The question is whether or not the following clause in a deed creates a condition restricting the use of the land, and for that reason the grantee's title is unmarketable: " The said property hereby conveyed being intended for school purposes and being conveyed by said party of the first part upon that understanding ". The quoted clause is construed as a mere recital of the purpose of the conveyance of the land, and it was not intended and was not sufficient to impose a condition upon the grantee's estate. Judgment of specific performance is unanimously directed in favor of plaintiff, without costs. Present — Close, P. J., Carswell, Johnston, Adel and Aldrich, JJ.

EDWARD BRADY, Respondent, v. JOSEPH BERNSTEIN et al., Appellants.— Order granting plaintiff's motion to consolidate actions affirmed, with ten dollars costs and disbursements. The complaint in the action as consolidated alleges a cause of action under the Debtor and Creditor Law, which distinguishes it from the decisions in *Meyer Bros., Inc.*, v. *Higgins* (231 App. Div. 832) and *Brody* v. *Madison Lunch, Inc.* (199 App. Div. 640). Close, P. J., Hagarty, Carswell, Adel and Lewis, JJ., concur.