JOSEPH URDANG, Appellant, *v.* NATHAN E. POSNER, Respondent.

First Department, June 3, 1927.

Sales — action by purchaser to rescind contract of sale of violin and to recover amount paid — action based on false and fraudulent representations — plaintiff could not recover on that theory since violin was not returned — court properly permitted plaintiff to amend to allege cause of action for damages — commencing action for rescission is not irrevocable election of remedies — evidence shows that defendant falsely represented that violin was genuine.

The complaint alleges that a violin sold by the defendant to the plaintiff was fraudulently represented by the defendant to be a genuine G. B. Rugieri and is based on the theory of a rescission of the contract, since it alleges damage to the full amount of the purchase price of the violin. The plaintiff could not succeed on this theory, since he did not return the violin or tender its return.

The complaint was properly amended at the trial to set forth a cause of action for damages in the sum of the difference between the amount paid and the value of the violin actually delivered.

The commencement of the action on the theory of rescission was not an irrevocable election of remedies, for it appears that the plaintiff could not have succeeded on that theory. It was a mistaken and ineffectual remedy.

The verdict of the jury in favor of the plaintiff is sustained by the evidence. The fact that the defendant was an expert in rare violins of many years' experience and that when plaintiff demanded a rescission he offered to repurchase the

39

violin for about one-tenth of what he sold it for, tends very strongly to show that the defendant knew that his representations were false.

The contention by the defendant that the plaintiff did not rely upon the defendant's representations but upon a certificate received from a third person as to the genuineness of the violin cannot be sustained, since it appears that the certificate was not given until after the violin was purchased.

Merrell, J., dissents.

Appeal by the plaintiff, Joseph Urdang, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 23d day of February, 1926, setting aside the verdict of a jury and dismissing the complaint, and also from a judgment entered in said clerk's office on the 25th day of February, 1926, pursuant to said order.

*Emil Weitzner* of counsel [*Bernard Braun*, attorney], for the appellant.

*Jacob M. Zinaman*, for the respondent.

Finch, J. The question presented by this appeal is whether there is evidence to sustain the finding of the jury that the defendant induced the plaintiff to purchase a violin upon false and fraudulent representations that the violin was a genuine G. B. Rugieri. There are also incidentally involved the questions whether the complaint stated a cause of action for damages or an action to recover the purchase price based on a rescission and, if the latter, whether the plaintiff was properly permitted to amend his complaint so as to allege a cause of action for damages, also whether the commencement of an action upon the theory of rescission constituted an irrevocable election which prevented such an amendment of the complaint.

Considering first the character of the cause of action in the original complaint. By paragraph 6 of the complaint it is alleged: " That upon discovery of the falsity of said representations, plaintiff tendered the return of said violin and demanded the return of his money from defendant, but defendant refused to accept the return thereof or to refund to plaintiff the purchase price thereof, to wit, the sum of Twenty-five hundred twenty-five ($2525) Dollars." The complaint further alleged damages in the sum of $2,525, the full amount of the purchase price of the violin. The violin was alleged in the complaint to have an actual value of $500. It is apparent that the plaintiff could not retain a violin concededly worth $500 and be damaged by the full value of the purchase price. The plaintiff, in the complaint, has also alleged the conclusion that he has been " damaged " by reason of the facts, but when the complaint as a whole is fairly construed it is

clear that the intention was to state a cause of action upon the theory of rescission.

Was the plaintiff properly permitted to amend the complaint at the trial so as to set forth a cause of action for damages in the sum of $2,100? It is the respondent's contention that by commencing an action upon the theory of rescission of the contract, the plaintiff had made an irrevocable election of remedies and could not thereafter assert a cause of action upon a different theory. The defendant did not claim surprise or prejudice at the trial when the plaintiff moved to amend the complaint and there was present no compelling reason for holding the plaintiff to an irrevocable election of remedies. The facts show that the plaintiff had, after knowledge of the alleged fraud, continued to use the violin. He, therefore, in effect had ratified the purchase, and hence although he had suffered damage through a fraud he did not have a cause of action for rescission. In drawing his complaint on the theory of rescission, therefore, he was pursuing a mistaken and ineffectual remedy. Such a choice does not constitute an irrevocable election of remedies. As was said by Judge CRANE in *Clark* v. *Kirby* (243 N. Y. 295, 303): " The election of remedies is largely a rule of policy to prevent vexatious litigation. * * * In this State we say that where a party, knowing all the facts, elects to sue in rescission instead of for damages, he must pursue the course he has taken. Even then, if the remedy chosen be insufficient or inadequate or useless, the rule has not barred the plaintiff from taking other timely methods to obtain his rights. * * * All procedure is merely a methodical means whereby the court reaches out to restore rights and remedy wrongs; it must never become more important than the purpose which it seeks to accomplish. Unless some necessary requirement has been omitted, a wrong move or a mistake in the method of seeking relief from the courts ought not to furnish protection for a wrongful act." The plaintiff, therefore, was properly permitted to amend his complaint so as to allege a cause of action in damages.

Was the verdict of the jury sustained by the evidence? The verdict was set aside upon the ground that the plaintiff was not shown to have relied upon the defendant's representations as to the make of the violin, but upon a certificate which the plaintiff received from one Schilbach and upon the further ground that it was not shown that the defendant made the representation that the violin was a genuine Rugieri without believing it to be true, or that defendant without knowledge concerning the matter made the statement recklessly.

The jury have found that the representation that the violin was

a genuine Rugieri was false in fact. This finding is based upon conflicting testimony of experts and cannot be said to be against the weight of the evidence. That the defendant knew it was false the jury has likewise found and this finding has been sufficiently established by the evidence and by inference reasonably to be drawn therefrom, so that it may not be held to be against the weight of the evidence. In this connection it appears that when the plaintiff demanded a rescission of the sale the defendant refused to take back the violin and subsequently stated that he would repurchase the same for but $250. It is most unlikely that the defendant would not have been willing to repurchase the violin at a far greater price than $250 if the defendant in fact believed the violin was a genuine Rugieri, worth at least the price paid by the plaintiff. When, in addition, it is considered that the defendant was an expert in rare violins and a dealer of many years' experience, there was an additional inference for the jury as to whether he must not, from his expert knowledge, have been aware of the fact that the violin was not a Rugieri. Fraud is not always provable by direct evidence, but often necessarily depends upon the inferences to be drawn from all the circumstances which, if separately considered, might not seem material. As was said by Judge VANN in *White* v. *Benjamin* (150 N. Y. 258): " Fraud is one of the broadest issues known to the law, for it can seldom be proved by direct evidence, but is dependent upon circumstances which, separately considered, may be quite immaterial, but when combined are not only material but have great persuasive force. (1 Wheaton's Ev. § 33.) "

In so far as it is contended that the plaintiff did not rely upon the representations of the defendant because he obtained a certificate from one Schilbach (who testified as an expert, on behalf of the defendant, that in his opinion the violin was a genuine Rugieri), it appears as a matter of fact that this certificate was not obtained by the plaintiff until after the sale of the violin had been consummated. Moreover, even though the plaintiff may have relied upon the certificate of Schilbach, that fact does not exonerate the defendant from liability if the plaintiff also relied upon the defendant's representations and would not have purchased the violin except for such representations. As was said by Chief Judge RUGER in *Strong* v. *Strong* (102 N. Y. 69, 74, 75): " It is not essential to a recovery in such an action that the alleged representations should have been the exclusive cause inducing the plaintiff to assent to the settlement, but if she would not have made the settlement except for such representations, there is such a reliance thereon as entitles her to maintain the action." So also in *Laska*

v. *Harris* (215 N. Y. 554, 557) Judge SEABURY said: " The fact that the plaintiff's false representations may not have been the sole inducing cause is immaterial."

It follows that the judgment and order appealed from should be reversed, with costs, and the verdict of the jury reinstated.

DOWLING, P. J., McAVOY and PROSKAUER, JJ., concur; MERRELL, J., dissents and votes for affirmance.

Judgment and order reversed, with costs, and verdict of the jury reinstated.