Tire v Vitale (2024 NY Slip Op 00883)

Tire v Vitale

2024 NY Slip Op 00883

Decided on February 20, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 20, 2024

Before: Webber, J.P., Gesmer, González, Pitt-Burke, Rosado, JJ. 

Index No. 657644/19 Appeal No. 1713-1714 Case No. 2022-05379 

[*1]Kal Tire, Plaintiff-Respondent,
v
Alessandro Vitale, Defendant, Matteo Deninno, Defendant-Appellant.

Matteo Deninno, appellant pro se.
Littleton Park Joyce Ughetta & Kelly LLP, New York (Eric J. Goldberg of counsel), for respondent.

Judgment, Supreme Court, New York County (Andrew Borrok, J.), entered December 1, 2022, awarding plaintiff damages in the total amount of $1,034,001.98 against defendants Matteo Deninno and Alessandro Vitale, jointly and severally, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about November 3, 2022, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on its fraud claim and denied Deninno's motion for summary judgment dismissing the complaint, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Supreme Court properly found that plaintiff tendered evidence demonstrating the absence of any material issue of fact as to its fraud claim (see e.g. Lebedev v Blavatnik, 193 AD3d 175, 182 [1st Dept 2021]). Plaintiff's evidence, which included deposition testimony, affidavits, and bank records, demonstrated that Vitale, who was a vice president of plaintiff, hired companies controlled by Deninno to perform services for plaintiff at inflated prices in return for which Deninno, using funds received from plaintiff, paid Vitale fraudulent kickbacks.[FN1] This evidence, which included details as to the illicit flow of funds to Vitale, along with Vitale's sworn admission that certain payments were not actually made in return for services, was sufficient to establish the elements of fraud under Canadian law. In opposition to plaintiff's showing, Deninno produced no evidence establishing the existence of material issues of fact requiring a trial (see id.). Furthermore, contrary to Deninno's contentions otherwise, Supreme Court properly allocated the parties' burdens of proof on summary judgment.
We reject Deninno's contention that plaintiff's proof fell short because it failed to furnish sufficiently explicit evidence that the payments sent through the Dennino entities were intended for an "illegitimate purpose." The law is well settled that fraud may be proved by inferences drawn from all the circumstances (see Urdang v Posner, 220 App Div 609, 612 [1st Dept 1927], affd 247 NY 565 [1928]). We also reject Deninno's argument that Supreme Court erred in awarding summary judgment to plaintiff because of key fact issues that would have come to light at depositions of plaintiff's management. Speculative arguments as to what further discovery might have revealed are inadequate to defeat summary judgment (see Shea v Hambros PLC, 244 AD2d 39, 48 [1st Dept 1998]). Moreover, it was Deninno's decision to give up the opportunity for further discovery and instead to press the court to proceed to summary judgment.
We also reject Dennino's assertion that Supreme Court ignored certain key evidence buttressing his argument that this case was time-barred under the relevant Canadian law (Limitation Act, SBC 2012, c. 13, §§6, 8). On the contrary, the record shows that the motion court expressly considered the evidence that Dennino cites and concluded that [*2]it did not support his position.
We have considered Deninno's remaining arguments, including his contentions that the claim is barred by the statute of limitations and that his due process rights were violated, and find them unpersuasive. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 20, 2024

Footnotes

Footnote 1: Neither party disputes that Canadian law regarding fraud applies in this action.